LA CHANCE v. BALLARD'S ESTATE.

[No. 16,043. Filed April 11, 1939.]

398

*William E. Jenner* and *Robert L. Mellen,* for appellant.

*Tucker & Tucker,* for appellee.

STEVENSON, P. J.—The appellant filed a claim against the estate of Joseph L. Ballard, deceased, to recover the balance due on a contract involving the sale of stock in the Mackinac Island Hotel Company. The cause was submitted to the court for trial, and the court, after hearing the evidence, found for the defendant. The appellant filed a motion for new trial which was overruled and the only error assigned on appeal is the alleged error in overruling appellant's motion for new trial.

The contract in suit was entered into on the 2nd day of March, 1929, and was a culmination of transactions had between the parties, the first of which was entered into on the 6th day of March, 1925. Substantial payments were made on this contract by the decedent from time to time until his death which occurred January 4, 1930.

One of the errors assigned in the motion for new

trial is the ruling of the court on the competency of the claimant to testify as a witness in this case. The claimant was called as a witness and after stating his name was asked the following question: "Did you at any time following the death of Joe Ballard receive from anyone a payment or payments under the contract between yourself and Joe Ballard dated March 2, 1929?" To this question the defendant objected "for the reason that the witness is not competent to testify in this cause." The court sustained this objection and the witness was excused. No offer to prove was made at this time. The claimant after introducing other testimony rested without again offering the claimant as a witness. The defense then offered such evidence as it had which included the testimony of several witnesses, and rested. The claimant then offered certain testimony in rebuttal and offered the claimant (appellant) again as a witness. The record of this transaction as disclosed by the bill of exceptions is as follows:

"The Plaintiff and Claimant now proposes to call Eugene J. LaChance as witness for Plaintiff and Claimant, and now offers Eugene J. LaChance as witness for Plaintiff and Claimant to testify as to all matters occurring after the death of decedent, including all payments made on the contract, and as to all matters and things testified to by Thomas Ellis at times when Eugene J. LaChance and W. S. Woodfill were present, and to testify and answer the evidence of Thomas Ellis as to the alleged gambling operations, and to state and testify that there were no gambling operations carried on under the terms of the contract, and that the considerations for the execution of the contract contained no gambling consideration.

"The Court refused to permit the Plaintiff and Claimant to call the witness, Eugene LaChance, to which refusal Plaintiff and Claimant at the time objected and excepted, and refused to permit the Plaintiff and Claimant to submit any further questions to Eugene J. LaChance, to which refusal Plaintiff and Claimant at the time objected and excepted."

These rulings of the court present the first question for our consideration. The general rule with reference to the proper presentation of alleged errors in ██ the admissibility of testimony has been stated as follows: "It has been repeatedly decided that the only proper practice is to propound the question to the witness on the stand and after objection to the question is made, to state to the court what the examiner proposes to prove by the witness's answer to the question and then, if the objection is sustained, to reserve an exception to the ruling on the question. (*Gunder* v. *Tibbitts, Admr.* [1899], 153 Ind. 591, 55 N. E. 762.)

The quotation from the record above set forth discloses that the practice as outlined was not followed; therefore, we must first determine whether the record is sufficient to present the alleged error in excluding the claimant as a witness. This question of the proper presentation of alleged error in refusing to permit a witness to testify has been discussed by the Supreme Court in the case of *Sutherland et al.* v. *Hankins et al.* (1877), 56 Ind. 343, 354. In this case the general rule as to the necessity for propounding questions and making offers to prove was discussed. The court then made the following observation:

"But, in our opinion, there is a wide and marked difference between the questions decided in those cases and the question presented by the record of this cause. There, the character, quality and materiality of certain offered evidence were the matters to be passed upon; while here, the sole question for our consideration was not in regard to what Jacob Grube would testify, nor whether his testimony would be material or immaterial, but whether or not, by reason of his relationship to one of the parties to the action, he should be permitted to testify at all. The objection of appellee's counsel, which was sustained by the court below, was not an objection to the matter of Jacob Grube's evidence, but it was an objection to his compe-

tency as a witness under the law, by reason of the fact that his wife was a proper, necessary, and an actual party to the action. The matter complained of by the appellants, in this court, was not the exclusion of any particular evidence, but the absolute refusal of the court below to allow a certain witness to testify at all, in the case. Where offered evidence is excluded, it must be made a part of the record before this court can pass upon the question, whether the court below has or has not erred in its exclusion. But where, as in this case, the matter complained of is the action of the court in refusing to allow a witness to testify at all, the grounds of objection to the witness must be shown by a bill of exceptions, and this is all that need be shown in order to present the matter for our consideration."

This same question was before the Appellate Court of Indiana in the case of *Sullivan, Administrator* v. *Sullivan* (1892), 6 Ind. App. 65, 68, 32 N. E. 1132, wherein the court spoke as follows:

"Appellant's counsel undertake to set out in the bill of exceptions what they proposed to prove by the witness, in order to demonstrate, we suppose, that the evidence sought to be introduced was material and relevant. This, however, under the rulings of the Supreme Court, is not necessary. Where the objection is to the right of the witness to testify at all, the party introducing such witness need not state what he expects to prove by him, as the question for the court to pass upon in such a case is not as to the competency of his testimony, but as to the competency of the witness himself. *State ex rel.* v. *Thomas,* 111 Ind. 515; *Sutherland* v. *Hankins,* 56 Ind. 343."

See also *Lewis, Administrator* v. *Buskirk* (1895), 14 Ind. App. 439, 42 N. E. 1118.

The record discloses that the appellant was not permitted to testify in this case on the theory apparently that he was an incompetent witness on all subject-matter involved in the litigation. This ruling we believe to be erroneous.

It is our opinion that the witness was a competent witness as to matters which occurred following the death of the decedent. The statute upon which the appellee relies to sustain this action of the trial court is Sec. 2-1715 Burns' Ind. Statutes 1933, §304 Baldwin's Ind. St. 1934. This statute makes the witness incompetent only as to "matters which occurred during the lifetime of the decedent." *Lang, Executor* v. *Snapp* (1937), 103 Ind. App. 627, 4 N. E. (2d) 587.

It further appears from the record that witnesses testifying for the appellee were interrogated as to conversations had with the claimant in the absence of the decedent and on occasions subsequent to the death of the decedent. The witnesses were permitted to detail these conversations had with the claimant and as to such conversations the claimant was a competent witness on rebuttal. Our statute provides that:

"If any witness shall, on behalf of the executor, administrator, or heirs, testify to any conversation or admission of a party to the suit as having been had or made in the absence of the deceased, then the party against whom such evidence is adduced shall be competent to testify concerning the same matter." Sec. 2-1717 Burns' Ind. Statutes 1933, §306 Baldwin's 1934.

Under this provision of the statute the appellant was clearly a competent witness to rebut the testimony of witnesses testifying for the appellee as to conversations had with the appellant in the absence of the decedent. *Atkinson* v. *Maris* (1907), 40 Ind. App. 718, 81 N. E. 745; *Eliot* v. *Eliot* (1916), 61 Ind. App. 209, 111 N. E. 813; *Masters, Executor* v. *Stewart* (1935), 101 Ind. App. 243, 198 N. E. 800.

After reading the transcript of the evidence, this court is unable to say that the refusal to permit the

appellant to testify as a witness was harmless error. The appellant was a competent witness as to the matters above indicated and was entitled to have his testimony considered and passed upon by the court. The denial of this right constitutes reversible error.

The other errors discussed by the appellant in his brief with respect to the right of the court to question witnesses may not arise on a retrial of this case and we deem it unnecessary, therefore, to discuss these questions.

The judgment is reversed with instructions to the court below to grant appellant's motion for new trial.

Judgment reversed.