THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* TONY RAKIEC and CHARLES SHAMBROCK, Respondents.

Submitted October 26, 1942; decided December 3, 1942.

*Walter B. Reynolds, District Attorney,* for appellant. Section 295-1 of the Code of Criminal Procedure applies to the defendant personally as well as other witnesses. (*People* v. *Schade,* 161 Misc. Rep. 212; *People* v. *Wright,* 172 Misc. Rep. 860; *State* v. *Thayer,* 124 Ohio St. 1; *State* v. *Nooks,* 123 Ohio St. 190; *Reed* v. *State,*

44 Ohio App. 318; *Matter of Schmidt* v. *District Attorney of Monroe County*, 255 App. Div. 353.)

*J. R. Hoover* for respondent. Section 295-1 of the Code of Criminal Procedure does not apply to the testimony of a defendant. (*State* v. *Thayer*, 124 Ohio St. 1; *State* v. *Nooks*, 123 Ohio St. 190; *People* v. *Schade*, 292 N. Y. Supp. 612; *People* v. *Ryan*, 274 N. Y. 151; *Lake Shore & M. S. Ry. Co.* v. *Roach*, 80 N. Y. 339.)

CONWAY, J. The two defendants were placed on trial for the crime of burglary in the third degree. Both were convicted. Under the order of the Appellate Division, there is no question here presented as to their guilt. The sole question is as to the scope and meaning of section 295-1 of the Code of Criminal Procedure. That section reads as follows:

" § 295-1. Bill of particulars from defendant; when required; contents; failure to furnish.

In all cases where a defendant has been indicted by a grand jury, the prosecuting officer may, not less than eight days before the case is moved for trial, serve upon such defendant or his counsel and file a demand which shall require that if such defendant intend to offer, for any purpose whatever, testimony which may tend to establish his presence elsewhere than at the scene of the crime at the time of its commission, he must within four days thereafter serve upon such prosecuting officer and file a bill of particulars which shall set forth in detail the place or places where the defendant claims to have been, together with the names, post-office addresses, residences, and places of employment of the witnesses upon whom he intends to rely to establish his presence elsewhere than at the scene of the crime at the time of its commission. Unless the defendant shall, pursuant to such demand, serve and file such bill of particulars, the court, in the event that such testimony is sought to be interposed by the defendant upon the trial for any purpose whatever, or in the event that a witness not mentioned in such bill of particulars, is called by the defendant to give such testimony, may exclude such testimony, or the testimony of such witness. In the event that the court shall allow such testimony, or the testimony of such witness, it must, upon motion of the prosecuting officer, grant an adjournment not to exceed three days."

What occurred was this: The District Attorney served a demand for a bill of particulars under section 295-l upon each of the defendants. There was no compliance with that demand. Upon the trial the defendant Shambrock was sworn as a witness and attempted to establish by his own testimony his presence at a place other than the scene of the crime at the time of its commission and that his co-defendant was then with him and in his presence. Upon objection of the District Attorney the court excluded such testimony.

There is thus squarely presented the question whether section 295-l of the Code of Criminal Procedure, is applicable to a defendant as a witness. We think it is not. In the view we take it is necessary to consider the question only from the standpoint of statutory construction.

The purpose of the statute was to prevent a defendant from obtaining acquittal of a crime of which he was guilty by calling a number of witnesses to testify to a false alibi with no prior opportunity afforded to the District Attorney to make any investigation of them or their story. As originally proposed, the statute was drafted by the committee on Criminal Courts and Procedure of the New York County Lawyers Association and approved by the American Bar Association. At the time of its adoption by our Legislature in 1935 (L. 1935, ch. 506) a similar statute had been adopted in the States of Michigan and Ohio. Like statutes have now been adopted in at least nine other states. The necessity for the legislation was evidently apparent over a considerable portion of the nation. What the defendant is required to do is to serve and file a bill of particulars setting forth in detail the place or places where he claims to have been at the time the crime was committed, " together with the names, post-office addresses, residences, and places of employment of the witnesses upon whom he intends to rely . * * *." The purpose of the statute is to enable the District Attorney to learn something about those witnesses. That is not necessary as to a defendant. In this State, he is fingerprinted and investigated before trial.

If more than a reading of the language of the statute and a consideration of its purpose were necessary, rules of statutory construction would remove any doubt as to its applicability. Thus, section 393 of the Code of Criminal Procedure also relates to the

testimony of a defendant. It reads as follows: " § 393. Defendant as witness. The defendant *in all cases* may testify as a witness in his own behalf, but his neglect or refusal to testify does not create any presumption against him." (Italics supplied.) The section is all inclusive. The enactment of section 393 in its original form (L. 1869, ch. 678) was a milestone in the progress of criminal jurisprudence and its object was to benefit the accused. (*People* v. *Hoch*, 150 N. Y. 291, 309.) Up to that time under the common law of England, which we adopted following the American Revolution, a defendant had no right to testify in his own behalf. (*People* v. *Courtney*, 94 N. Y. 490; *People ex rel. Woronoff* v. *Mallon*, 222 N. Y. 456.) Section 295-l on the other hand, is contained in chapter III-A entitled " Simplified Indictments," all of the sections of which relate to form and procedure. It is a sound rule of construction that in the absence of express language, it will be presumed that the Legislature did not intend to defeat the main purpose and object of another legislative enactment relating to the same subject (*People ex rel. Wood* v. *Lacombe*, 99 N. Y. 43), nor to make a radical change in long-established rules. (*Seligman* v. *Friedlander,* 199 N. Y. 373.)

These considerations confirm us in our view that the statute is applicable only to witnesses other than the defendant. It is thus unnecessary for us to construe that portion of article I, section 6, of the New York State Constitution, which guarantees to the defendant the right " to appear and defend in person and with counsel as in civil actions."

The order should be affirmed.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and DESMOND, JJ., concur.

Order affirmed.