No. 43,912

State of Kansas, *Appellee*, v. Gene Austin Rider, *Appellant*.

(399 P. 2d 564)

Opinion filed March 6, 1965.

*Russell Shultz*, of Wichita, argued the cause, and was on the brief for the appellant.

*A. J. Focht*, deputy county attorney, argued the cause, and *Robert C. Londerholm*, attorney general, and *Keith Sanborn*, county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Wertz, J.: The information in one case alleged that on December 17, 1962, the defendant, Gene Austin Rider, committed a crime of burglary in the nighttime and larceny (K. S. A. 21-520 and 21-524) and the information in the second case alleged that on January 13, 1963, the defendant committed the crime of having in his possession burglary tools (K. S. A. 21-2437). Without objection, the cases were consolidated for trial. The jury returned a verdict of guilty on all charges, and from an order overruling defendant's motion for a new trial, he appeals.

In his brief the defendant concedes the evidence presented against him on the charges was sufficient to sustain convictions on all counts, and in view of his contentions on appeal he feels it unnecessary to belabor the facts as set forth in the record.

It is defendant's contention, although absent the alibi notice, as required by K. S. A. 62-1341, the trial court erred in failing to allow him to testify in his own behalf that he was at some other place at the time the offenses charged were committed and that such error on the part of the court resulted in the verdict of guilty aforementioned. The pertinent provisions of the above-mentioned statute read:

"In the trial of any criminal action . . . where the . . . information charges specifically the time and place of the offense alleged to have been committed, and the nature of the offense is such as necessitated the personal presence of the one who committed the offense, and the defendant proposes to offer evidence to the effect that he was at some other place at the time of the offense charged, he shall give notice in writing of that fact to the county attorney. The notice shall state where defendant contends he was at the time of the offense, and shall have endorsed thereon the names of witnesses which he proposes to use in support of such contention.

". . . The notice shall be served on the county attorney as much as seven days before the action is called for trial, and a copy thereof, with proof of such service, filed with the clerk of the court: . . .

"In the event the time and place of the offense are not specifically stated in the . . . information, on application of defendant that the time and place be definitely stated in order to enable him to offer evidence in support of a contention that he was not present, and upon due notice thereof, the court shall direct the county attorney either to amend the complaint or information by stating the time and place of the offense as accurately as possible, . . . and thereafter defendant shall give the notice above provided if he proposes to offer evidence to the effect that he was at some other place at the time of the offense charged.

"*Unless the defendant gives the notice* as above provided *he shall not be permitted to offer evidence* to the effect that he was at some other place at the time of the offense charged. . . ." [Emphasis supplied.]

It is conceded that defendant at no time served any notice upon the county attorney that he intended *to offer any evidence* to the effect he was at some other place at the time charged in the offenses. In the instant case the defendant chose to take the witness stand and testify as a witness in his own behalf. Defendant was asked by his counsel where he was on the night of the burglary, to which the court sustained the state's objection. The trial court then asked defendant's counsel to state the purpose of his question. Defendant's counsel's reply was "to trace his activities on that day." The trial court then stated:

"Well if it's for the purpose of alibi, then, of course, it's objectionable, and if that's the reason, I want to know.

"MR. SHULTZ [defense counsel]: Discretionary.

. . . . . . . . . . . . . . . . .

"THE COURT: [If] it's for the purpose of alibi, then I won't admit it. . . . I would like to know what the testimony is, and then I'll rule upon it. If you will tell me what the testimony is, then I will rule upon it now.

"MR. SHULTZ: Well, I think that counsel and the court are incorrect when they say that the defendant is not allowed to testify as to his activity at the given time without regard or not—"

The trial court again stated that if it was for the purpose of alibi, he would have to reject it on the ground that the statute had not been complied with. It may be stated that the colloquy between the court and counsel was in the absence of the jury.

At no time in the record did defendant or his counsel state to the court he intended to prove an alibi or that defendant was at some other place at the time the offenses were committed, nor did the defendant proffer any testimony, even though the court requested the same, as to what the defendant would testify. However, the court did then permit the defendant to testify that he did not burglarize or rob the place on the night in question and that he had never been in the place where the crime was alleged to have been committed, and that he was never in possession of the burglary tools.

Defendant contends that when he took the stand he remained the defendant and did not become a witness. This question was laid to rest in this state nearly eighty years ago in *State v. Pfefferle*, 36 Kan. 90, 12 Pac. 406, where it was stated that where a defendant in a criminal case takes the witness stand to testify in his own behalf, he assumes the character of a witness and is entitled to the same privileges, and subject to the same tests, and to be contradicted, discredited or impeached, the same as any other witness. (See, also, *State v. Probasco*, 46 Kan. 310, 26 Pac. 749; *State v. Killion*, 95 Kan. 371, 148 Pac. 643; *State v. Bowers*, 108 Kan. 161, 194 Pac. 650.)

The mentioned statute requires the giving of notice to the state when the defendant "proposes to offer evidence" to the effect that he was at some other place at the time of the offense charged. When the defendant took the stand to testify, he was offering evidence as a witness in his own behalf, and the statute, therefore, must be applied. We have repeatedly stated that compliance with the requirements of the above statute (62-1341) has been held to be a prerequisite to the admissibility of testimony of alibi witnesses. In *State v. Trams*, 189 Kan. 393, 369 P. 2d 223, we stated that where a defendant in a criminal case in the district court intends to rely upon an alibi as a defense, compliance with the re-

quirements of G. S. 1949, 62-1341, (K. S. A. 62-1341), is a prerequisite to the admissibility of testimony of alibi witnesses. (See, also, *State v. Osburn,* 171 Kan. 330, 232 P. 2d 451; *State v. Parker,* 166 Kan. 707, 711, 712, 204 P. 2d 584, cert. denied, 338 U. S. 860, 94 L. Ed. 527, 70 S. Ct. 102.)

The mentioned statute does not deny the defendant a right to testify in his own behalf to an alibi; it only limits that right or restricts the right to do so until he has complied with the mentioned statute. At common law the defendant in a criminal action was not a competent witness in his own behalf, although he was permitted to make an unsworn statement to the jury at the close of the case. This common-law rule has been changed in nearly every jurisdiction by statutory provisions; by virtue of which the accused is competent as a witness; under modern statutes, while the defendant in a criminal case cannot be compelled to be a witness against himself, he is, if he so desires, entitled to be sworn as a witness, and to testify in his own behalf. (58 Am. Jur., Witnesses, § 173, p. 123; 2 Wigmore on Evidence (3d Ed.), § 579, pp. 701-706.)

Section 10 of the Bill of Rights of the Kansas Constitution provides in all prosecutions, the accused shall be allowed to appear and defend in person, or by counsel; to meet the witness face to face, and to compel attendance of witnesses in his behalf. This provision is a mere statement of the common law and does not make a defendant competent to testify in his own behalf. Our legislature recognized the deficiency that under the common law a defendant was incompetent to testify in his own defense, and in 1872 changed the common law by statute, now appearing as K. S. A. 62-1420, which provides that no person shall be rendered incompetent to testify in criminal causes by reason of his being the person on trial. The legislature, therefore, having the right to extend the privilege, also had the right to restrict or take away the privilege, and subsequently the legislature restricted this right to testify insofar as it pertained to an alibi unless the defendant gives the notice as provided in K. S. A. 62-1341 aforementioned.

There is another reason why this court may not consider the alleged excluded evidence: at no time during the trial nor on the motion for a new trial did the defendant, either by testimony or affidavit, offer any evidence that he was at some other place at the time the offenses charged were committed. This court has repeatedly stated that where the ground for a motion for a new trial

is error in the exclusion of evidence or want of a fair opportunity to produce evidence, such evidence must be produced at the hearing of the motion by affidavit, deposition or oral testimony. If this requirement is not complied with, the question of exclusion of evidence or want of fair opportunity to produce evidence is not open to appellate review. (*State v. Trams,* 189 Kan. 393, 369 P. 2d 223; *City of Topeka v. Burgen,* 181 Kan. 71, 309 P. 2d 415; *State v. Osburn,* supra.)

In the instant case the trial court, in the absence of the jury, requested the defendant to present evidence as to what the defendant's testimony would be. The court gave the defendant ample opportunity to so produce such evidence, and he failed to do so. The record is void of any evidence as to what the defendant would have testified to, and neither the lower court nor this court can assume that the defendant might have testified that he was at some other place at the time the offenses were committed.

Absent any showing on the part of the defendant as to what his testimony would have been, there is nothing for review. Therefore, the judgment of the trial court is affirmed.