Gene Austin **RIDER**, Appellant,

v.

Sherman H. **CROUSE**, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.

No. 8468.

United States Court of Appeals Tenth Circuit.

March 1, 1966.

Robert N. Miller, Denver, Colo., for appellant.

Richard H. Seaton, Asst. Atty. Gen. (Robert C. Londerholm, Atty. Gen., on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

This is an appeal from an order denying appellant's petition for a writ of habeas corpus.

The facts are undisputed. Appellant is now confined in the Kansas State Penitentiary serving concurrent forty-five year sentences imposed after a jury verdict of guilty on two separate charges of second degree burglary and larceny and the offense of possession of burglary tools. The state trial court, after receiving evidence of three prior felony convictions, imposed the sentences on each conviction under the Kansas habitual criminal statute.[1] During the entire trial, appellant was represented by his own retained counsel.

The convictions were appealed to the Kansas Supreme Court where the sole issue was whether appellant was improperly denied the right to testify at his trial concerning an alibi. The court held appellant was not entitled to present evidence of an alibi because he failed to give the state proper notice thereof in accordance with K.S.A. 62–1341, and affirmed the convictions.[2]

Thereafter, appellant filed a petition for habeas corpus in the court below

1. K.S.A. 21–107a.

2. State of Kansas v. Rider, 194 Kan. 398, 399 P.2d 564.

alleging he was denied due process because he was not allowed to testify to an alibi, that the habitual criminal statute is unconstitutional because it amounts to double jeopardy and an ex post facto law, and that he was given no notice that he would be sentenced as an habitual criminal and had no chance to defend against its application. The trial court, while noting an exhaustion of state remedies question on some of the issues, nevertheless held that the issues of alibi evidence and prior notice of the habitual criminal act did not assert constitutional deprivations and were without merit. We agree.

The question of appellant's right to present evidence of an alibi at his trial was decided adversely to him on his state appeal. The purpose of a statute like K.S.A. 62–1341 concerning notice of alibi is to prevent a last minute surprise of an alibi defense. It does not deny an accused the right to such a defense but merely prescribes notice as a prerequisite thereto. The validity of such statutes is generally upheld. See 30 A.L.R.2d 480. Appellant does not in his petition allege any reason or good cause why he did not comply with the statute. Under the circumstances, we are satisfied that no constitutional right has been infringed.

Appellant's next contention is that due process was violated when he was sentenced as an habitual criminal without prior notice of intent to do so. While it is true that due process requires notice of such a procedure, Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446; Johnson v. State of Kansas, 10 Cir., 284 F.2d 344; it is also true that such a requirement may be waived where the defendant was present with counsel at the time, given an opportunity to be heard and contest the previous convictions or seek a continuance, but failed to do so. Oyler v. Boles, supra, and see Browning v. Hand, 10 Cir., 284 F.2d 346. The record reflects such was the case here.

Appellant also objects to the habitual criminal statute as being unconstitutional. We need say little on this for the constitutionality of habitual criminal statutes is no longer open to serious challenge. Oyler v. Boles, supra.

One last point asserted on appeal deserves comment. Rider believes the court below denied him a constitutional right by failing to appoint counsel to represent him in the habeas corpus proceedings. Due to the court's disposition of the matter with which we agree, there was no necessity for counsel. In any event, there is no constitutional right to counsel in federal habeas corpus proceedings. Flowers v. State of Oklahoma, et al., 356 F.2d 916.

Affirmed.