128 N.J. Super. 346 (1974)
320 A.2d 173
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
KENNETH FRANCIS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 18, 1974.
Decided May 14, 1974.
*348 Before Judges CONFORD, HANDLER and MEANOR.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. David H. Ben-Asher, designated counsel).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. George F. Kugler, Jr., former Attorney General of New Jersey, and Mr. John DeCicco, Deputy Attorney General, of counsel).
The opinion of the court was delivered by HANDLER, J.A.D.
Defendant was convicted by a jury of assault with an offensive weapon and atrocious assault and battery. He was acquitted of assault with intent to kill. It is asserted that there was reversible error in the trial court's refusal to permit defendant to testify as to his alibi defense.
The jury evidently accepted the State's evidence which demonstrated that Eugene Jackson went to a place called the "Big House" sometime after 2 A.M. on September 17, 1972. While there, defendant, a complete stranger to Jackson, approached him in order to talk to him, ostensibly about "a girl [who] drives a white Mark IV." Defendant then shot Jackson in the stomach. Defendant was identified by Jackson and by another witness who was one of several persons at the scene. Other evidence of a circumstantial nature further implicated defendant. This included the finding of a box of shells on the front seat of a blue Ford pick-up truck registered to defendant, which shells were similar to a spent shell recovered at the place of the shooting. Also, defendant's estranged wife was the registered owner of a white Lincoln Continental Mark IV automobile.
Several defense witnesses, including defendant's wife, testified that they were at the "Big House" at the time of the shooting but did not see defendant there. When defendant testified, he denied that he was at the "Big House" on the night of September 16 and 17 and that he had shot Jackson; he was not asked where he was at the time of the shooting. *349 On cross-examination and subsequently on rebuttal, he denied that he had told a detective that he had been at the "Big House" earlier on September 16. The detective, on rebuttal, testified that defendant had remarked that he had been there earlier that day.
After the State rested and before the presentation of defendant's case, the State requestd an instruction that defense counsel could not elicit any information about an alibi defense. The State noted that the defendant had failed to comply under R. 3:11-1 and 2 with two separate requests on April 5 and May 21, 1973 for notice of alibi. Defendant admitted that no defense of alibi was submitted. The defense offered that it "would not bring in any other witnesses as to him [defendant] being some other place other than his own testimony."
The State noted that it had no objection to testimony of either the defendant or other witnesses that the defendant was not present at the scene. The State did object to a claim by the defendant that he was at some other specific place at the time of the shooting. Defense counsel argued that the alibi rule only reached other witnesses and not defendant. The trial judge ruled that R. 3:11-1 required defendant (a) to submit the names and addresses of alibi witnesses and (b) to state the specific place at which he claims to have been at the time of the offense. Accordingly, he denied defendant the right to testify with respect to any other place that he may have been at the time of the alleged offense.
The constitutional validity of notice of alibi rules has been established. Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970); State v. Angeleri, 51 N.J. 382, cert. den. 393 U.S. 951, 89 S.Ct. 372, 21 L.Ed.2d 362 (1968) (upholding the validity of R.R. 3:5-9, the predecessor of the current rule). It has been stated most recently that "the Due Process Clause of the Fourteenth Amendment forbids enforcement of alibi rules unless reciprocal discovery rights are given criminal defendants." Wardius v. Oregon, 412 U.S. 470, 472, 93 S.Ct. 2208, 2211, 37 *350 L.Ed.2d 82 (1973). R. 3:11-1 provides specifically for such reciprocal discovery, viz:
If a defendant intends to rely in any way on an alibi, he shall, on written demand of the prosecuting attorney and within 10 days thereafter, furnish a written bill of particulars, signed by him, stating the specific place or places at which he claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom he intends to rely to establish such alibi. Within 10 days after receipt of such bill of particulars from the defendant, the prosecuting attorney shall, on written demand, furnish the defendant or his attorney with a written bill of particulars stating the names and addresses of the witnesses upon whom the State intends to rely to establish defendant's presence at the scene of the alleged offense. The trial court may order the amendment or amplification of such partciulars, or of the time of their service, as the interest of justice requires.
With respect to sanctions for non-compliance with the primary rule, R. 3:11-2 provides:
If such bill of particulars is not furnished as required, the court may refuse to allow the party in default to present witnesses at trial as to defendant's absence from or presence at the scene of the alleged offense, or make such other order or grant such adjournment as the interest of justice requires.
The exclusion of the testimony of nonparty witnesses as a specific penalty for the failure to adhere to the notice of the alibi rule has been upheld. State v. Nunn, 113 N.J. Super. 161 (App. Div. 1971); see also, State v. Woodard, 102 N.J. Super. 419, 426-427 (App. Div.), certif. den. 53 N.J. 64 (1968), cert. den. 395 U.S. 938, 89 S.Ct. 2004, 23 L.Ed.2d 453 (1969); see generally Annotation, "Validity and Construction of Statute Requiring Defendant in Criminal Case to Disclose Matter as to Alibi Defense," 45 A.L.R.3d 958, 974-980 (1972). The imposition of this sanction, however, is not absolute or automatic, but rather a discretionary act tempered by what may be required in the "interest of justice." R. 3:11-2. State v. Harris, 117 N.J. Super. 83, 91-94 (App. Div. 1971).
*351 There is substantial support for the thesis that a defendant's own alibi testimony is subject to exclusion to the same extent as the testimony of other witnesses corroborative of the alibi. Rider v. Crouse, 357 F.2d 317, 317-318 (10 Cir.1966); Lake v. State, 257 Ind. 264, 274 N.E.2d 249, 252-253 (Sup. Ct. 1971); State v. Rider, 194 Kan. 398, 399 P.2d 564, 567 (Sup. Ct. 1965); State v. Escobedo, 44 Wis.2d 85, 170 N.W. 2d 709, 712-713 (Sup. Ct. 1969); State ex rel. Simos v. Burke, 41 Wis.2d 129, 163 N.W.2d 177 (Sup. Ct. 1968). Contra: State v. Post, 255 Iowa 573, 123 N.W.2d 11, 18-19 (Sup. Ct. 1963); State v. Stump, 254 Iowa 1181, 119 N.W.2d 210, 218, cert. den. 375 U.S. 853, 84 S.Ct. 113, 11 L.Ed.2d 80 (Sup. Ct. 1963); People v. Rakiec, 260 App. Div. 452, 23 N.Y.S. 2d 607, 613 (App. Div. 1940), aff'd 289 N.Y. 306, 45 N.E.2d 812 (Ct. App. 1942). The Supreme Court has thus far not passed upon the validity of sanctioning noncompliance by the exclusion of testimony. Williams v. Florida, supra 399 U.S. at 83, n. 14; 90 S.Ct. 1893, 26 L.Ed.2d 446, Wardius v. Oregon, supra 412 U.S. at 472, n. 4, 93 S.Ct. 2208, 37 L.Ed.2d 82.
Defendant contended below that R. 3:11-2 does not permit or contemplate the exclusion of a defendant's own alibi testimony as a sanction for noncompliance. We disagree and note that he does not press that argument on appeal. Rather it is urged that the trial court abused its discretion in prohibiting any testimony by defendant himself as to his whereabouts at the time of the shooting.
We are of the view that the trial court should have done more to explore and to resolve the question of whether the State would have been unfairly surprised or disarmed by defendant's testimony of alibi and if so whether that disadvantage might have been redressed by a reasonable continuance. This is especially important where the alibi witness is the defendant himself and the detriment to his defense because of his inability to testify for himself is likely to be significant. We decline to hold, however, that the court's *352 failure in this respect constitutes an error mandating a reversal.
Defendant here failed to respond to two requests to furnish alibi particulars in accordance with R. 3:11-1. At no time prior to trial did he indicate that he would offer alibi testimony. On opening, his counsel stated only that defendant was not present at the scene of the shooting. More importantly it has not been shown by a proffer or otherwise that the court's ruling visited any palpable prejudice on defendant. He was willing, for example, to refrain from offering the testimony of any corroborative alibi witnesses and to limit his own testimony solely to a statement as to a particular place where he was at the time of the assault. He did not indicate by a proffer what this testimony would be nor did he suggest that he would be willing to have the trial continued in order to permit the State to investigate the alibi. He did testify, however, that he was elsewhere when the shooting took place. Under all of the circumstances and in the context of the strong evidence of defendant's guilt, defendant has failed to persuade us that the ruling on the part of the court below in limiting defendant's alibi testimony was a mistaken exercise of discretion or had any appreciable import on the jury's verdict.
We have further noted that defendant was convicted of and sentenced to concurrent terms for both assault with an offensive weapon and atrocious assault and battery. Although not raised on appeal, the State has conceded, and properly so, that these offenses merge. Accordingly the conviction for assault with an offensive weapon is vacated. The conviction for atrocious assault and battery is affirmed.