No. 48,190

ABRAHAM TALLEY, *Petitioner*, v. STATE OF KANSAS, *Respondent*.

(564 P.2d 504)

Opinion filed May 14, 1977.

*Joseph D. Johnson*, assistant public defender, argued the cause, and *Charles E. Worden*, assistant public defender, was with him on the brief for the petitioner.

*Gene M. Olander*, district attorney, argued the cause, and *Curt T. Schneider*, attorney general, was with him on the brief for the respondent.

The opinion of the court was delivered by

PRAGER, J.: This is a postconviction proceeding filed pursuant to K.S.A. 60-1507. On August 17, 1973, Abraham Talley was tried in Shawnee county district court and convicted of aggravated robbery (K.S.A. 21-3427). Talley attempted to take a direct appeal from his conviction but the appeal was dismissed for want of jurisdiction since the notice of appeal was not filed within the time allowed by statute. At the trial Talley denied committing the offense and testified to an alibi. When he attempted to introduce the testimony of other witnesses in support of his alibi, the district attorney objected because of the failure of the defendant to give timely notice of plea of alibi in accordance with K.S.A. 22-3218. That section in pertinent part provides as follows:

"22-3218. **Plea of alibi; notice.** (1) In the trial of any criminal action where the complaint, indictment or information charges specifically the time and place of the crime alleged to have been committed, and the nature of the crime is such as necessitated the personal presence of the one who committed the crime, and the

defendant proposes to offer evidence to the effect that he was at some other place at the time of the crime charged, he shall give notice in writing of that fact to the prosecuting attorney except that no such notice shall be required to allow testimony as to alibi, by the defendant himself, in his own defense. The notice shall state where defendant contends he was at the time of the crime, and shall have endorsed thereon the names of witnesses he proposes to use in support of such contention.

"(2) On due application, and for good cause shown, the court may permit defendant to endorse additional names of witnesses on such notice, using the discretion with respect thereto applicable to allowing the prosecuting attorney to endorse names of additional witnesses on an information. The notice shall be served on the prosecuting attorney at least seven days before the commencement of the trial, and a copy thereof, with proof of such service, filed with the clerk of the court. For good cause shown the court may permit notice at a later date.

"(3) . . . . . . . . .

"(4) Unless the defendant gives the notice as above provided he shall not be permitted to offer evidence to the effect that he was at some other place at the time of the crime charged. In the event the time or place of the crime has not been specifically stated in the complaint, indictment or information, and the court directs it be amended, or a bill of particulars filed, as above provided, and the prosecuting attorney advises the court that he cannot safely do so on the facts as he has been informed concerning them; or if in the progress of the trial the evidence discloses a time or place of the crime other than alleged, but within the period of the statute of limitations applicable to the crime and within the territorial jurisdiction of the court, the action shall not abate or be discontinued for either of those reasons, but defendant may, without having given the notice above mentioned, offer evidence tending to show he was at some other place at the time of the crime."

The district court sustained the state's objection, ruling that since no notice had been given by defendant as required by the statute evidence other than the testimony of defendant supporting a defense of alibi would not be received into evidence. In this proceeding Talley attacks the constitutionality of K.S.A. 22-3218 as a violation of the due process clause of the Fourteenth Amendment to the United States Constitution. In view of the ruling in *Wardius v. Oregon*, 412 U.S. 470, 37 L. Ed. 2d 82, 93 S. Ct. 2208, we hold that K.S.A. 22-3218 is unconstitutional as violative of due process. Hence, the conviction and sentence must be vacated and a new trial granted Talley in the prior criminal proceeding.

In *Wardius* the court reversed a criminal conviction of an accused who was denied the opportunity to introduce alibi evidence because of failure to give timely notice of alibi as required by an Oregon statute. In the opinion the court stated:

"We hold that the Due Process Clause of the Fourteenth Amendment forbids enforcement of alibi rules unless reciprocal discovery rights are given to criminal defendants. Since the Oregon statute did not provide for reciprocal discovery, it was error for the court below to enforce it against petitioner, and his conviction must be reversed." (p. 472.)

While there are some differences between the Oregon alibi statute and 22-3218, these differences are without legal significance. The Oregon statute and the Kansas statute are significantly similar in that neither provides for reciprocal exchange of alibi evidence. K.S.A. 22-3218, although requiring a defendant to furnish the prosecutor with a timely notice of alibi with the names of defendant's witnesses endorsed thereon, contains no provision requiring the state to furnish the names of witnesses it plans to use to refute the alibi defense.

In its brief the state concedes that K.S.A. 22-3218, within itself, does not provide for reciprocal discovery. It maintains, however, that the Kansas code of criminal procedure must be viewed as a whole. It directs our attention to K.S.A. 22-3201 (6) which requires the state to endorse on the information the names of all witnesses known to the prosecuting attorney at the time of filing the same. That statute further provides that the prosecuting attorney may endorse thereon the names of other witnesses who may afterwards become known to him as the court may by rule prescribe. It is the position of the state that the provisions of K.S.A. 22-3201 (6) are intended to provide for discovery by the defendant of rebuttal witnesses to the same extent as the discovery of state witnesses to be used by the state in its case in chief. Hence, it is argued that full reciprocal discovery rights of witnesses are allowed the defendant even though they are not provided for in the alibi notice statute itself.

K.S.A. 22-3201 was enacted as a part of the new code of criminal procedure effective July 1, 1970. Its predecessor was K.S.A. 62-802 (Corrick) which provided as follows:

"62-802. **Informations; duties of prosecuting attorney.** Informations may be filed during term time or in vacation in any court having jurisdiction of the offense specified therein, by the prosecuting attorney of the proper county as informant. He shall subscribe his name thereto, and *endorse thereon the names of the witnesses known to him at the time of filing the same.* He shall also endorse thereon the names of such other witnesses as may afterward become known to him, at such times before the trial as the court may by rule or otherwise prescribe. All informations shall be verified by the oath of the prosecuting attorney, complainant, or some other person." (Emphasis supplied.)

A comparison of 22-3201 (6) with 62-802 does not reveal any significant differences. Both statutes require the prosecuting attorney to endorse on the information the names of the witnesses known to him at the time of the filing of the same. In each statute the prosecuting attorney may be permitted to endorse the names of other witnesses as may afterward become known to him within the discretion of the trial court.

The difficulty with the state's position is that throughout our judicial history we have consistently held that a prosecuting attorney is not required to endorse on the information the names of rebuttal witnesses and that a rebuttal witness may testify even though his name has not been endorsed upon the information. (*State v. Dickson*, 6 Kan. 209; *State v. Wood*, 118 Kan. 58, 233 Pac. 1029; *State v. Bean*, 181 Kan. 1044, 317 P. 2d 480.) Following the lead of these cases the trial courts of this state have usually not required the names of rebuttal witnesses to be endorsed on the information or to be furnished to the defendant or his counsel in advance of such witnesses being called on rebuttal.

Our former alibi statute, K.S.A. 62-1341 (Corrick), is quite similar to K.S.A. 22-3218. It was challenged as an unconstitutional denial of due process in *State v. Rider*, 194 Kan. 398, 399 P. 2d 564; and in *Jenkins v. State*, 211 Kan. 593, 506 P. 2d 1111. Both of these cases were determined prior to the decision in *Wardius* and upheld the constitutionality of 62-1341. After Jenkins was denied relief in this court, he filed a habeas corpus petition in the United States District Court challenging the constitutionality of 62-1341, relying upon *Wardius* which had been handed down in the interim. In an unpublished opinion (*Virgil Jenkins v. Atkins*, No. L-2738) Judge Arthur J. Stanley, Jr., ruled on the constitutionality of 62-1341 holding it unconstitutional for failure to provide for reciprocal discovery. Immediate relief was, however, denied to bring to the Kansas supreme court's attention the decision in *Wardius*. Jenkins appealed the denial of immediate relief to the 10th Circuit Court of Appeals. That court found it unnecessary to pass on the constitutionality of the statute since the state of Kansas had not appealed from the district court's finding that the alibi statute (62-1341) is unconstitutional. The court of appeals reversed the case with directions to the district court to issue a writ of habeas corpus, reserving the right of the

state of Kansas to retry the petitioner on the robbery charge if it should wish to do so. (*Jenkins v. Atkins*, 515 F. 2d 1078 [10th Cir. 1975].)

In this case we are faced with the same situation encountered by appellate courts in other states having similar alibi statutes. Following *Wardius*, they have held such statutes unconstitutional. (*Allison v. State*, 62 Wis. 2d 14, 214 N. W. 2d 437 [1974]; *Commonwealth v. Contakos, Appellant*, 455 Pa. 136, 314 A. 2d 259 [1974]; *People v. Fields*, 59 Ill. 2d 516, 322 N. E. 2d 33 [1974].) It is clear to us that K.S.A. 22-3218, read alone, or in conjunction with 22-3201 (6), does not require the prosecuting attorney to furnish to defendant the names of witnesses it plans to use to refute an alibi defense. Since 22-3218 does not require reciprocal discovery, that statute is unconstitutional as a denial of due process of law. This case must therefore be reversed and remanded to the trial court with directions to vacate the conviction and sentence and to grant Abraham Talley a new trial on the original charge of aggravated robbery.

In order to preserve the alibi notice requirement this court, by order entered May 10, 1977, pursuant to the authority of K.S.A. 1976 Supp. 22-4601, has amended K.S.A. 22-3218, Section (2), to provide for reciprocal discovery by requiring the state to file and serve on the defendant or his counsel the names of witnesses known to the prosecuting attorney which the state proposes to offer in rebuttal to discredit the defendant's alibi at the trial of a criminal case. Specifically 22-3218 (2) has been amended to read as follows:

"22-3218. **Plea of alibi; notice.**

"(2) On due application, and for good cause shown, the court may permit defendant to endorse additional names of witnesses on such notice, using the discretion with respect thereto applicable to allowing the prosecuting attorney to endorse names of additional witnesses on an information. The notice shall be served on the prosecuting attorney at least seven days before the commencement of the trial, and a copy thereof, with proof of such service, filed with the clerk of the court. For good cause shown the court may permit notice at a later date.

"Within seven days after receipt of the names of defendant's proposed alibi witnesses, or within such other time as is ordered by the court, the prosecuting attorney shall file and serve upon the defendant or his counsel the names of the witnesses known to the prosecuting attorney which the state proposes to offer in rebuttal to discredit the defendant's alibi at the trial of the case. Both the defendant and the prosecuting attorney shall be under a continuing duty to

disclose promptly the names of additional witnesses which come to the attention of either party subsequent to filing their respective witness lists as provided by this section *so that reciprocal discovery rights are afforded both parties.*" (Emphasis supplied.)

In accordance with K.S.A. 1976 Supp. 22-4601 the amendment to 22-3218 shall take effect upon its being filed with the clerk of the supreme court and upon its publication in the advance sheets of the Kansas Reports.

In view of our holding in this opinion it is not necessary to consider the other point raised by Talley in his 60-1507 petition.

The judgment of the district court is reversed and the case is remanded with directions to vacate the conviction and sentence and grant the petitioner Abraham Talley a new trial.