Kevin J. POWER, Petitioner,

v.

Aaron JOHNSON, et al, Respondents.

Roger M. RIVARD, Petitioner,

v.

Aaron JOHNSON, et al, Respondents.

Nos. 87–135–HC, 87–136–HC.

United States District Court,
E.D. North Carolina,
Raleigh Division.

Feb. 19, 1988.

**1196**

James E. Ferguson, II, Ferguson, Stein, Watt, Wallas & Adkins, Charlotte, N.C., for petitioners.

Richard N. League, Sp. Deputy Atty. Gen., N.C. Dept. of Justice, Raleigh, N.C., for respondents.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This cause came on for hearing before the undersigned United States District Judge on February 3, 1988. Petitioners Rivard and Power filed applications for the writ of habeas corpus pursuant to 28 U.S. C. § 2254. In a memorandum dated October 15, 1987, the magistrate recommended that the respondents' motion to dismiss the applications be granted. Petitioners filed objections to the recommendation. This court now reviews the recommendation and objections and considers them in conjunction with the proceeding held in open court.

Petitioners pled guilty in the state Superior Court to cocaine trafficking and were each sentenced to serve 16 year terms in prison. Prior to the entry of guilty pleas, a pre-trial hearing to suppress alleged illegally obtained evidence was held. Petitioners allege that a witness at this hearing delivered perjured testimony and that this testimony helped the prosecutor to elicit the guilty pleas. Petitioners also complain of an unconstitutional search and seizure. After the North Carolina Court of Appeals affirmed the conviction, petitioners filed a motion for appropriate relief in the Superior Court. This motion was denied on September 8, 1983.

In a letter from then counsel Robert White Johnson, dated September 12, 1983, petitioners were informed that the order denying the motion for appropriate relief was not appealable. This in fact was not true. Nevertheless, no appeal was taken.

Petitioners secured present counsel some time after the first motion was denied and a second motion for appropriate relief was filed in the Superior Court. This was denied on October 17, 1985, on the grounds that all issues were raised in the previous motion for appropriate relief.

Petitioners appealed this ruling and the petition for certiorari was denied by the Court of Appeals. Subsequently, these applications were filed on February 2, 1987.

The magistrate's recommendation bases dismissal of the petitions on the grounds that petitioners' failure to appeal the denial of the first motion for appropriate relief constitutes procedural default.

There is no question that the petitioners have exhausted their state remedies. A habeas proceeding is not a criminal proceeding and accordingly a petitioner has no Sixth Amendment right to counsel. *Rider v. Crouse*, 357 F.2d 317 (10th Cir.1966). In the present case, however, the petitioners' review on the merits was entirely precluded by the false counsel they received stating that no appeal was permitted. There has never been any appellate review of the merits of petitioners' collateral claims in either state or federal court.

The procedural default then arises not out of any complicity on the part of petitioners, but as a result of the incorrect and prejudicial information provided by counsel. Procedural default is an equitable doctrine. Manifest injustice would result if petitioners did not have the opportunity to have their claims reviewed on the merits. This is a unique factual situation. Procedural default questions are usually raised when a defendant does not raise a claim on direct appeal and thereafter tries to raise the claim on collateral attack. This is the sort of activity that the doctrine of procedural default is designed to prevent. The principles of finality of judgments and judicial

economy are promoted by applying the doctrine to those situations.

In the case at bar, errors were alleged on direct appeal. The error of counsel in the collateral proceeding, however, prevented collateral review on the underlying merits. It was not a tactical error, nor one of judgment. This is not a situation in which the procedural default analysis of *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), is applicable. To deny petitioners relief in this instance would be a denial of due process.

For the foregoing reasons, the court hereby ORDERS the magistrate to consider the merits of petitioners' underlying habeas claim.