**Alvin CAMPBELL, Jr., Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 71S03–9310–CR–01157.

Supreme Court of Indiana.

Oct. 25, 1993.

Eugene C. Hollander, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This cause comes to us on a petition to transfer from the Third District Court of Appeals. Following a jury trial in May, 1991, appellant, Alvin Campbell, Jr., was convicted of Count I, burglary, a class A felony, Ind.Code § 35-43-2-1; and Count II, battery, a class C felony, I.C. § 35-42-2-1. The trial court entered a judgment of conviction, and on May 31, 1991, sentenced appellant to thirty years imprisonment as to Count I, and eight years imprisonment as to Count II, to be served concurrently. In an opinion not for publication, the Court of Appeals affirmed appellant's convictions, but remanded the cause with instructions to vacate the sentence as to the class C felony battery and resentence appellant for battery as a class B misdemeanor. 590 N.E.2d 668. We grant transfer and vacate the convictions and judgment and remand the cause for retrial.

The facts most favorable to the verdict are as follows: On February 1, 1991, Donna Fritz was at the South Bend apartment of her best friend, Donna Boyce, preparing for a birthday party to be held the next day for one of Boyce's children. After spending the day cooking, cleaning, shopping for supplies, and decorating, it was decided that Fritz and her daughter would spend the night. Fritz fell asleep on the living room couch at approximately 1:30 a.m., but awakened at about 2:00 a.m. when she sensed someone standing over her. Fritz identified the intruder as Campbell, a man with whom she previously had a three-year relationship that ended in January 1991, and who is the father of her infant daughter. Appellant put his hand on Fritz's chest to hold her down and slashed her face with a sharp object. Appellant stated that he was going to kill Fritz for leaving him and taking away his daughter. Appellant ran out of the apartment when Fritz screamed. Fritz gave appellant's name to the police, then went to the hospital, where she received over 100 stitches to close her wounds.

Appellant raises several issues on appeal, which we restate as follows: 1) exclusion of defendant's own alibi testimony; 2) sufficiency of victim identification; 3) exclusion of evidence regarding a subsequent burglary at the same address; 4) admission of evidence of appellant's prior threats to the victim; 5) alleged trial court error in imposing sentence on Count II; 6) denial of motion for mistrial.

Appellant filed his notice of alibi on April 29, 1991, two days before his trial was scheduled to begin. The State moved to exclude appellant's alibi defense and witnesses, arguing that I.C. § 35-36-4-1 requires notice of alibi to be filed twenty (20) days prior to the omnibus date. The trial court held a hearing on April 30 to address appellant's notice and the State's motion. The trial court directed appellant to make his alibi witness immediately available for interview by the State and took the motion under advisement. Later that day the trial court granted the State's motion and ordered that appellant would not be permitted to present alibi evidence, either through witnesses or by his own testimony. After presentation of the State's evidence, defense counsel offered to prove that if allowed to testify, appellant and Ruthe Stewart, appellant's sister with whom he was living at the time, would both testify that appellant was at the Stewart's home through the evening and early morning hours of February 1 and February 2, 1991, that they were sleeping on couches in the living room, and that at no time did appellant leave or did Stewart detect him leaving or returning. When arguing against the State's motion to exclude Campbell's alibi defense and witnesses, Michael Rehak, Campbell's defense counsel, stated his belief that limiting Campbell's ability to testify on his own behalf would implicate a Fifth Amendment right. In his initial briefs to this Court, appellant claimed that the exclusion of his own alibi testimony deprived him of his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Recognizing that the limitation of appellant's own testimony implicated Article I, § 13 of the Indiana Constitution, on April 29, 1993, this Court ordered the parties to prepare and file supplemental briefs addressing the

state constitutional claim. Because of our resolution of this issue on state constitutional grounds, we do not address appellant's argument that his communication problems with his attorney constituted good cause for his late filing of notice of alibi under I.C. § 35–36–4–3(b), nor do we examine the constitutionality of the exclusion of his alibi witness under the Compulsory Process Clause of the Sixth Amendment, as analyzed in *Taylor v. Illinois*, 484 U.S. 400, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988).

■ Before we address the merits of this issue, this Court must decide whether Campbell has properly preserved the alleged error for appellate review. In the past, alleged error in the exclusion of evidence was procedurally defaulted, unless the party contesting the exclusion reserved an exception to the ruling that excluded the evidence. *See, e.g., Martin v. Youngblood* (1937), 211 Ind. 647, 7 N.E.2d 997. Also, an offer to prove was necessary to preserve the substance of the testimony for appellate review. *LaChance v. Ballard's Estate* (1939), 106 Ind.App. 397, 20 N.E.2d 201. However, Indiana no longer requires a formal exception to a ruling or order of a court. Ind.Trial Rule 46. "It is sufficient that a party ... makes known to the court the action which he desires the court to take...." *Id.* During trial, in a conference before the court but out of the jury's presence, Campbell expressly stated his desire to the court to offer his own alibi testimony. After Campbell's direct examination, his trial counsel offered to prove that Campbell was asleep at his sister's house the evening that the crimes took place, and that Campbell's sister would corroborate his claims. We believe that Campbell's insistence that the trial court accept the alibi testimony, coupled with the specific offer to prove, were sufficient to preserve this issue for appeal, in accordance with T.R. 46.

The issue of whether or not a defendant must be permitted to give his own testimony of alibi, even though he has not properly filed his notice of alibi as required by statute, has been raised in several jurisdictions.

Cases holding that the defendant has the right to so testify, even though he has failed to properly file notice, include: *People v. Hampton*, 696 P.2d 765 (Colo.1985); *State v. Fechter*, 397 N.W.2d 711 (Iowa 1986); *People v. Merritt*, 396 Mich. 67, 238 N.W.2d 31 (1976); *People v. Rakiec*, 289 N.Y. 306, 45 N.E.2d 812 (1942). *See also United States v. Smith*, 524 F.2d 1288 (D.C.Cir.1975); *Walker v. Hood*, 679 F.Supp. 372 (S.D.N.Y.1988); *Alicea v. Gagnon*, 675 F.2d 913 (7th Cir.1982). Cases holding that a notice requirement was applicable to a defendant offering his own testimony of alibi include: *State v. Rider*, 194 Kan. 398, 399 P.2d 564 (1965) (overruled on other grounds by *Talley v. State*, 222 Kan. 289, 564 P.2d 504 (1977)); *State v. Wooten*, 735 S.W.2d 30 (Mo.Ct.App.1987); *State v. Francis*, 128 N.J.Super. 346, 320 A.2d 173 (1974); *State ex rel. Simos v. Burke*, 41 Wis.2d 129, 163 N.W.2d 177 (1968). In *Lake v. State* (1971), 257 Ind. 264, 274 N.E.2d 249, this Court adopted the reasoning of the Wisconsin Court in *Simos* precluding a defendant's own alibi testimony. We now reconsider our prior resolution of this issue.

■ Article I, section 13 of the Indiana Constitution provides, in pertinent part: "In all criminal prosecutions, the accused shall have the right ... to be heard by himself and counsel...." This language places a unique value upon the desire of an individual accused of a crime to speak out personally in the courtroom and state what in his mind constitutes a predicate for his innocence of the charges. The purpose of the alibi statute is to protect the State from facing surprise defenses, which purpose is amply satisfied by limiting the exclusionary remedy of the statute to alibi witnesses other than the accused. Surprise alibi testimony by the accused is rarely overwhelming, and should the accused choose to offer his own testimony as the lone evidence of alibi in the case, the State should be permitted a continuance to meet the situation. In *Baxter v. State* (1988), Ind., 522 N.E.2d 362, Justice Shepard, writing for the Court, recognized that the State may not deny a criminal defendant the right to a fair op-

portunity to defend against the state's accusations, although that right is not absolute. In *Baxter*, the defendant alleged error in the exclusion of his own alibi testimony, despite the fact that defendant had not complied with the alibi statute.

> Where the defendant or defense counsel files a tardy or inadequate notice of alibi simply because neither has aggressively pursued that defense and their failure does not deprive the State of sufficient time and information to investigate and respond, the Constitution would seem to require the allowance of at least the defendant's testimony.

*Id.* at 369. *Baxter* also suggested that where the defendant purposely suppresses the alibi evidence to gain some advantage in the prosecution, the testimony should be precluded. *Id.* We affirmed the *Baxter* trial court decision to exclude the defendant's alibi testimony, due to the defendant's evasiveness with regards to the alibi testimony, the defendant's failure to make an offer of proof, and the high risk that the defendant had fabricated the story.

■ In light of the strong constitutional bias in favor of permitting such personal testimony of the accused and the available remedy of continuance, the exclusion of a defendant's own alibi testimony is an unjustified and overbroad intrusion upon the right of the accused to testify on his own behalf. Today, we expressly hold that the exclusion of a defendant's own testimony of alibi under the alibi statute, I.C. § 35–36–4–1, is an impermissible infringement upon the right of the accused to testify guaranteed by Article I, § 13 of the Indiana Constitution.

■ The crucial issue to be resolved by the jury in this case was credibility. The State's case hinged on the credibility of the victim and her identification of appellant. The attack lasted only a few seconds, and Fritz had previously been asleep. No one else saw appellant at the crime scene, no fingerprints were sought, and no weapon was found. Fritz had spent the night at Boyce's apartment unexpectedly, without informing appellant, and the police never determined how appellant gained entry through the locked front door, as appellant did not have a key. Fritz testified that the attacker wore a long army-green trench coat and that she had never seen such a coat on appellant. Appellant testified that he did not own that type of coat and never had. Appellant's defense largely consisted of his assertions that he was not the perpetrator of the crimes and that the victim was mistaken in her identification. Depriving him of the opportunity to testify as to his whereabouts at the time of the crimes cut at the heart of the jury determination of these crucial matters and prejudiced appellant's substantial rights. *Sharp v. State* (1989), Ind., 534 N.E.2d 708; *Wagner v. State* (1985), Ind., 474 N.E.2d 476. We therefore cannot regard it as harmless error.

■ Appellant contends that his convictions are not supported by the evidence and are contrary to law because the victim's identification was insufficient to support his convictions. This Court has stated that "[e]ven though we have ordered reversal and remand ... appellant's allegation that the evidence was insufficient must still be addressed." *Small v. State* (1988), Ind., 531 N.E.2d 498, 500. Our test for the sufficiency of the evidence requires that we neither weigh the evidence nor resolve questions of credibility, but look only to evidence of probative value and the reasonable inferences from which a trier of fact could conclude that appellant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223. Further, the uncorroborated testimony of the victim is alone sufficient to convict. *Runyon v. State* (1989), Ind., 537 N.E.2d 475, 478.

■ Appellant claims that Fritz's identification is inherently unreliable because it is totally uncorroborated by any other fact or evidence located at the crime scene and thus cannot support his convictions. Fritz testified that she was able to see appellant in the light from the bathroom and from an outside street light shining through the living room window. She also stated that she was face-to-face with appellant during the attack and that she recognized his voice

when he told her that he was going to kill her for leaving him and taking away his daughter. Although the attack was brief, appellant was not a stranger to Fritz but a man with whom she previously had a three-year relationship and a child. Her testimony identifying appellant as the perpetrator of the crimes supports the verdict of the jury, thus, retrial of this cause is appropriate.

■ Appellant claims that the trial court erred in excluding evidence of a subsequent burglary at the same address which occurred four or five days after the instant crime, while appellant was in jail. Appellant claims that this is relevant, material, and exculpatory evidence that tended to show that someone else committed the present crimes. Evidence is relevant when it throws or tends to throw light on the guilt or innocence of an accused even though its tendency to do so is slight. *Bieghler v. State* (1985), Ind., 481 N.E.2d 78. Although this evidence has little probative value, it generates minimal prejudice to the state and should be properly admitted if offered upon retrial.

Appellant next contends that the trial court erred in admitting evidence of threats appellant had made to Fritz during the month that followed their breakup and led up to the present crimes. The evidence of these threats is likely to be offered at retrial, and upon retrial the admissibility of this evidence will be governed by our recent decision in *Lannan v. State* (1992), 600 N.E.2d 1334, adopting Federal Rule of Evidence 404(b). This is an inclusive rule that allows evidence of other crimes, wrongs, or acts for purposes such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," if reasonable notice in advance of trial is provided.

■ Fritz testified that after she left appellant and moved in with her parents, appellant made so many threatening telephone calls that her parents had to change their phone number. Fritz also testified that one week before the crime she met appellant at a bus station, at which time appellant told Fritz that if she was not

going to resume their relationship he was going to kill all three of them, as they would be better off dead because they would at least be together. Appellant then grabbed their child and ran away, but was stopped by three strangers who took him to the prosecutor's office. Finally, Fritz stated that every time she saw appellant after their breakup he accused her of going out with someone else. This evidence clearly showed motive for the attack, intent to commit battery, and tended to prove the identity of the attacker. The trial court properly admitted the evidence of appellant's prior threats.

Appellant asserts that the trial court erred in imposing sentence on Count II, battery as a class C felony. He argues that any sentence imposed as to Count II placed him in double jeopardy because the same factual situation, i.e., the injury to Donna Fritz, was also relied upon by the State in charging the burglary in Count I and again when elevating it from a class B to a class A felony.

■ The Court of Appeals remanded this cause to the trial court with instructions to vacate the class C felony battery conviction and resentence appellant for battery as a class B misdemeanor, because the enhanced felony level of both crimes was based upon the same injurious consequences, violating state and federal double jeopardy prohibitions. We agree. Although the battery information alleged use of a deadly weapon and the burglary information alleged serious bodily injury, the basis for the elevation of both crimes was the same slashing of Fritz's face. Appellant was improperly sentenced for battery as a class C felony.

Finally, appellant claims that the trial court improperly denied his attorney's motion for mistrial after a bomb scare during jury selection. Appellant argues that by overruling his defense attorney's motion and ruling in favor of appellant's own objection to the motion, after having previously denied appellant's motion for appointment of different counsel and request to proceed *pro se*, the trial court denied his

attorney the authority to conduct his defense and thereby denied appellant a fair trial.

The denial of a motion for mistrial lies within the discretion of the trial court, and reversal is required only if appellant demonstrates that he was so prejudiced that he was placed in a position of grave peril to which he should not have been subjected. *Carter v. State* (1987), Ind., 512 N.E.2d 158. The record reflects that although the State did not object to the motion for mistrial and the judge indicated that he could reschedule the trial in less than two weeks, appellant vigorously objected to any delay which would extend his time in jail and stated his willingness to go forward immediately. Appellant's request for an early trial was a factor taken into consideration by the trial judge in his ruling on the motion, not a denial of his attorney's authority to make strategy decisions. The trial court denied the motion for mistrial, finding that the disruption did not have an impact per se on appellant's ability to have an impartial jury. The judge then explained to the potential jurors that the "bomb" was actually a duffle bag full of clothes and that there was never any danger. He also questioned the potential jurors as to any lingering impact on their peace of mind and ability to concentrate, as well as any time conflicts caused by the delay. The prosecutor also asked the potential jurors if anyone would prefer to be excused because of the incident. No juror expressed any concern over the scare or any wish to be excused. In light of appellant's objection to the delay and the lack of any evidence of adverse impact on the prospective jurors, we decline to hold that the trial court abused its discretion in denying the motion.

Accordingly, we reverse appellant's convictions and remand this cause to the trial court for further proceedings consistent with this opinion.

DICKSON and KRAHULIK, JJ., concur.

SHEPARD, C.J., concurs with separate opinion.

GIVAN, J., dissents in part, with separate opinion.

SHEPARD, Chief Justice, concurring.

While I join today's majority opinion, I write separately to emphasize that our prior decision in *Baxter v. State* (1988), Ind., 522 N.E.2d 362, decided only the constitutionality of prohibiting testimony by a defendant under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution. Thus, while *Baxter* is still stare decisis as to the federal issues resolved there, it does not drive today's decision concerning the Indiana Bill of Rights.

I also note that we hold today only with "the exclusion of a defendant's own alibi testimony." Opin. at 499. The task of balancing the interests involved in a fair trial might well be different when the question concerns exclusion of evidence other than the defendant's own testimony.

Finally, I want to commend Deputy Attorney General Geoff Davis on the high caliber of the brief he submitted on behalf of Attorney General Pamela Carter.

GIVAN, Justice, dissenting in part.

I respectfully dissent from the majority's holding that the alibi statute, Ind.Code § 35-36-4-1, is unconstitutional in part. I believe it should be obvious that if a person charged with a crime has an alibi he knows that fact from the very beginning of a case. If he is to assert an alibi, the State should have adequate time to investigate his contentions.

I can find no logical reason for holding that the time provision in the statute is unconstitutional. I do not think the trial court erred in excluding the alibi evidence.

In all other respects, I concur with the majority opinion.