UNITED STATES of America

v.

Norman Dennis SMITH, Appellant.

No. 74–2000.

United States Court of Appeals,
District of Columbia Circuit.

Submitted without argument
June 9, 1975.

Decided Dec. 22, 1975.

Noel H. Thompson, Washington, D. C. (appointed by this Court), for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, Stuart M. Gerson, Eugene M. Propper, Charles E. Wagner and Robert E. Hauberg, Jr., Asst. U. S. Attys., were on the brief for appellee.

Before LEVENTHAL and WILKEY, Circuit Judges, and MERHIGE,* United States District Judge for the Eastern District of Virginia.

PER CURIAM:

Defendant Smith was convicted of three counts of unlawful distribution of heroin in violation of 21 U.S.C. § 841(a) (1970), and sentenced to 1–3 years on each count, the sentences to run concurrently. The convictions arose out of three sales made at 10:15 p. m. on April 16, 1974; at 10:30 p. m. on the following night, April 17th; and at 10:10 p. m. on April 22d. Defendant claims that the trial judge erred in failing to grant him a continuance to comply with the alibi

* Sitting by designation pursuant to 28 U.S.C. § 292(d).

notice rule, Rule 2–5(b) of the Criminal Rules of the United States District Court for the District of Columbia,[1] and in refusing to allow the defendant to present alibi witnesses because of his failure to comply with the rule.

On July 16, 1974, the prosecutor served a demand for notice under Rule 2–5(b) upon Smith. No response was received prior to August 13th. At a status hearing on that day, defense counsel told the court that defendant proposed to present an alibi for the evening of April 16th, but that counsel had not been able to supply the necessary names and addresses to the prosecution. In fact, at that time defense counsel had only one name, which had been supplied by defendant for the first time the morning of the hearing. (Pretrial Hrg. Tr. 2).[2]

The trial court, noting that the ten days specified in the rule and in the demand sent to defendant had long since expired, ruled that defendant's alibi witnesses would not be allowed to testify in his behalf. A one week's continuance was granted, at defense counsel's request, to allow him to prepare other aspects of his case. At trial defendant was not allowed to put on alibi witnesses, although he was allowed to testify on his own behalf that he was in Baltimore with his wife's family on the night of April 16th, and an alibi instruction was given to the jury.

■ Under Rule 2–5(b) as then in effect,[3] the trial judge must exclude alibi testimony (other than that by the defendant himself) if the notice rule is not complied with, unless there is "good cause shown." The only reason offered here for the lack of compliance was defendant's failure to provide his counsel with the requisite names. The defendant had been informed by his counsel of the Government's notice "and I have got to have those names."[4] The proposed witnesses were members of defendant's wife's family who lived only an hour away, and no explanation is given for defendant's delay.

However, defendant claims that, even where failure to comply with the rule may be attributable to a defendant's negligence, the sanction of refusing to grant a continuance or to allow a late tender of the information is excessive, and in violation of defendant's right, guaranteed by the Fifth and Sixth Amendments to the Constitution, to present a defense.

Defendant did not present to the trial court his contention that the sanction was excessive to the point of being unconstitutional, or any suggestion of a

---

1. Rule 2–5(b), as in effect at the time of trial, provided that, upon demand by the prosecutor, a defendant must produce, within ten days, a notice of his intention to offer an alibi defense. The Notice must specify the place at which defendant claims to have been and the names and addresses of witnesses upon whom he intends to rely. The prosecution must reciprocate by providing the defense with the names and addresses of the witnesses upon whom it intends to rely in establishing the defendant's presence at the scene of the crime or in rebutting defendant's alibi. If either party fails to provide this information within the specified time periods, the court is required, unless good cause is shown, to exclude the testimony of that party's alibi witnesses.

2. Later, at trial, counsel asserted that he had had three names ready to give the prosecution at the earlier hearing (Tr. 86).

3. The proposed Federal Rule of Criminal Procedure 12.1, slated to become effective December 1, 1975 (Pub.L.No.94–64, (July 31, 1975)) makes exclusion of alibi witnesses for non-compliance discretionary. However, appellant fails to point out, and the record on appeal does not reveal, any circumstances which would make the exclusion here an abuse of discretion.

4. "I explained to my client that the Government served a notice requesting alibi witnesses on us, and I told my client to give me their names and addresses." (Pre-trial Hrg. Tr. 2).

"That is correct, your Honor. And I have advised my client I have got to have those names." (Pre-trial Hrg. Tr. 3).

"[M]y client did not get the names of those people to me in time for me to stay within the ten-day rule . . . ." (Tr. 85).

lesser sanction for enforcement of the objective of the rule.

In *Williams v. Florida,* 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970), the Supreme Court upheld a similar state rule against an attack under the Fourteenth Amendment, rejecting *inter alia* the contention that the rule violates the due process right to a fair trial. In *Wardius v. Oregon,* 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973), the court held that such due process validity depends on provision of reciprocal discovery rights for the defendant against the government—a feature contained in the district court rule before us. Subsequent to the trial and appellate argument in the case at bar the Supreme Court held that a court may consistently with the Sixth Amendment, enforce a preclusion sanction against a defendant who insists on offering testimony of a witness while resisting disclosure of his prior (and possibly inconsistent) statements and reports. *United States v. Nobles,* 422 U.S. 225, 95 S.Ct. 2160, 2171, 45 L.Ed.2d 141 (1975). Exclusion of testimony by an alibi witness for lack of advance notice was upheld in *Rider v. Crouse,* 357 F.2d 317, 318 (10th Cir. 1966). There is as yet no Supreme Court precedent on that point, and we know of no precedent at all as to a late pretrial tender.

The evolution of sound rules and doctrines to govern the question of alibi witnesses is a matter that has occupied the courts and legislatures. As of December 1, 1975, Rule 12.1(d) of the Rules of Federal Criminal Procedure, as proposed by the Supreme Court and approved by Congress,[5] gives the trial judge discretion to admit alibi testimony notwithstanding the failure to give timely notice to the prosecution. Experience under the rule will likely give rise to helpful guidelines, as to when alibi witnesses may be excluded, how evidentiary questions arising from the exclusion should be handled, and whether there should be any comment on the absence[6] of the alibi witnesses. This case is governed by an earlier rule that also provided some flexibility, for though it speaks in one sentence in mandatory language, in the next it admits exceptions for good cause shown. But the new rule would go further, for it would apparently permit the trial judge to admit alibi testimony even where there was no excuse for delay if convinced that this was necessary to avoid injustice.

■ Our judicial function must be exercised in the light of the record as a whole. The later proffered alibi witnesses are family friends. Defendant did not give their names to his counsel when timely asked. They related to only the first of three occasions in April 1974 covered by the undercover officer who testified he had thrice bought narcotics of

---

**5.** (d) Failure To Comply.—Upon the failure of either party to comply with the requirements of this rule, the court may exclude the testimony of any undisclosed witness offered by such party as to the defendant's absence from or presence at, the scene of the alleged offense. This rule shall not limit the right of the defendant to testify in his own behalf.

The rule as finally formulated is identical (except for its section number), to the original version submitted by the Supreme Court to Congress. *Compare,* Communication From the Chief Justice of the United States, Proposed Amendments to the Federal Rules of Criminal Procedure, H.R.Doc.No.292, 93d Cong., 2d Sess. 42–43 (1974), *with* Pub.L.No. 94–64, § 3 (July 31, 1975). The House Bill submitted to the Committee on the Judiciary would have made exclusion of alibi witnesses mandatory upon non-compliance with the disclosure requirements. H.R. 6799, 94th Cong., 1st Sess. (May 7, 1975). However, in the Bill reported out by the Judiciary Committee, rule 12.1(d) was returned to its original discretionary form. H.R.Rep.No.247, 94th Cong., 1st Sess. (May 29, 1975), U.S.Code Cong. & Admin.News 1975, p. 1358 (Pamphlet No. 7).

**6.** In the case at bar, the prosecutor was allowed to comment on their absence in argument (Tr. 97), but the court refused to give a missing witness instructions upon which the jury might have drawn an inference from their absence. Previously, after prosecutor asked defendant the names of the people he stayed with on April 16 (Mary Simmons and Jane Simmons) he followed-up, without objection "Now, did you see them in court today?" "A. No, sir." (Tr. 84).

defendant. This is not a case of mistaken identity. The undercover officer identified defendant in a pretrial lineup (Tr. 17). Defendant admitted being at the pertinent location on the other two nights—his explanation being that he was there as a user, not a seller, of heroin (Tr. 81–82). While conceivably, a convincing alibi for April 16th might have cast doubt on the testimony of the undercover officer, who identified defendant as the person who sold him drugs on all three nights, this is offset not only by the strong evidence on identification but by the officer's testimony, on cross-examination, that he gave a description of the narcotics seller after the first buy (Tr. 73). Defense counsel abstained from any followup questions as to the nature of that identification—a course that many would regard as reflecting commendable prudence. The jury deliberated only 33 minutes.

The trial judge entered concurrent sentences. Even clearly presented constitutional claims are subject to rules of harmless error. In view of the solid identification evidence, it seems most unlikely that the alibi testimony of relatives would have raised a doubt in the minds of the jury. While no single point is logically conclusive, the case as a whole leaves us with the conviction that there is no substantial prejudice, and that substantial justice will not be denied by our ruling that the judgment is

*Affirmed.*