UNITED STATES of America, Plaintiff-Appellee,

v.

Gary L. HUTTON and Curtis White, Defendants-Appellants.

Nos. 76–2552, 76–2553.

United States Court of Appeals, Sixth Circuit.

Argued June 17, 1977.

Decided July 14, 1977.

Lowell W. Lundy, Hopper & Lundy, Barbourville, Ky. (Court-appointed CJA), for Gary L. Hutton.

William Gary Crabtree, London, Ky. (Court-appointed CJA), for Curtis White.

Eldon L. Webb, U. S. Atty., John A. West, Lexington, Ky., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, EDWARDS, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

Appellants Hutton and White were named in a four-count indictment charging unlawful making, possession, nonregistration and malicious use of destructive devices, in violation of 26 U.S.C. § 5861 (1970). The District Judge, at the end of the government's case, dismissed one count of the indictment against Hutton and dismissed a portion of another count as to both Hutton and White. On submission to the jury, defendants were found guilty of the remaining charges and received concurrent sentences of ten years on each of the three counts.

A review of the record of the trial indicates that there was considerable evidence, including eyewitness testimony, from which the jury could have concluded that these two defendants were the persons who committed the bombings.

The only appellate issue concerns appellants' contention that reversible error or violation of due process occurred when the District Judge allowed the government to file a written demand for a notice of alibi on the part of defense counsel, along with the names of witnesses they intended to present to establish the alibi under Rule 12.1 of the Federal Rules of Criminal Procedure. There is no doubt that the government's notice was belated, since the form of the rule suggests ten days for the defendant to reply and ten days thereafter for the government to furnish its list of counter-witnesses and since the government's demand was made on the second day of this three-day trial. Appellants claim this deprived them of all reciprocal value in the rule since they already knew who the government's witnesses were.

Our review of this record convinces the court, however, that Rule 12.1 builds in considerable discretion on the part of the trial judge, and that under the total facts of this case, we cannot properly say he abused that discretion. Additionally, if there were error in his granting the government the right to serve its belated notice under Rule 12.1, we would have to conclude that such error was harmless beyond reasonable doubt.

The judgment of the District Court is affirmed.