UNITED STATES of America,
Plaintiff-Appellee,

v.

John Thomas FITTS,
Defendant-Appellant.

No. 77–1428.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted April 19, 1978.

Decided May 8, 1978.

Rehearing Denied June 22, 1978.

Elmer Lee Hamby, Denver, Colo., for defendant-appellant.

Betty Outhier Williams, Asst. U. S. Atty., Muskogee, Okl. (Richard A. Pyle, U. S. Atty., and John R. Osgood, Asst. U. S. Atty., Muskogee, Okl., on the brief), for plaintiff-appellee.

Before BARRETT, DOYLE and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

John Thomas Fitts was convicted after a jury trial in the United States District Court for the Eastern District of Oklahoma on four counts: The first two counts, charged under 18 U.S.C. § 500, relate to a stolen United States postal money order possessed and passed on January 31, 1977, by defendant-appellant Fitts alone. The other two counts, charged under 18 U.S.C. §§ 500 and 2, relate to a stolen United States postal money order, possessed and attempted to be passed on February 2, 1977, by Fitts and Henry F. Jost.

The issues on appeal are whether the trial judge abused his discretion in excluding the testimony of defendant's alibi witnesses, and in denying defendant's motion for a continuance; and whether the defendant's Sixth Amendment rights were violated because of inadequate and inexperienced court-appointed counsel.

On or about January 25, 1977, thirty-seven money orders, two validating plates and a money order imprinter were taken from the Panlaosa, Kansas, post office. At trial a K-Mart department store manager in Muskogee, Oklahoma, testified that on January 31, 1977, the defendant Fitts presented to the store and cashed a money order for

$200 made out to David Semple, using for identification a Montgomery Ward credit card and temporary Kansas driver's license belonging to David Semple. Semple testified for the prosecution that he was the brother-in-law of Ken Maloney, a friend of Fitts; that Maloney and Fitts visited his house on several occasions; and that sometime in January 1977 his Montgomery Ward credit card and temporary Kansas driver's license disappeared.

The Chief of Police for South Hutchinson, Kansas, and a detective for the Reno County, Kansas, Sheriff's Office both testified that on February 24, 1977, while they were investigating Fitts upon another matter he presented to them David Semple's temporary Kansas driver's license, and identified himself as David Semple.

Several employees and officers of the Fort Gibson State Bank testified that a man later identified as Henry F. Jost, came into the bank on February 2, 1977, attempting to cash a $300 money order. The bank president, after questioning Jost for several minutes, became suspicious and threatened to call the police, at which time Jost ran from the bank and jumped into a car owned by Fitts. A bank officer followed defendant's car to Muskogee where it was stopped by police. At the time the car was stopped, Fitts was driving and Jost and Maloney were passengers. In a search of defendant's car after his arrest, Muskogee police found Semple's credit card under the front seat. A later search of defendant's car by postal inspectors resulted in discovery of a package containing a checkbook record in Fitts' name and a wallet holding 23 of the money orders taken from the Panlaosa post office.

Testimony established that Jost was not acquainted with either Fitts or Maloney until the day before the arrest when Maloney, apparently on his way to see Fitts, picked up Jost who was hitchhiking. Jost was charged in connection with the Fort Gibson incident and entered a guilty plea prior to trial. Maloney apparently was never charged.

On March 16, 1977, the government filed and served upon defendant's counsel who represented him at the arraignment a demand for written notice of defendant's intention to offer a defense of alibi pursuant to and mentioning Fed.R.Crim.P. 12.1. On March 21, 1977, the court entered its order granting a motion to withdraw by that attorney and on March 24, 1977, appointed new counsel to represent defendant.

It does not appear to be disputed that on April 1, 1977, defendant's court-appointed counsel, in a verbal request for a continuance, mentioned the government's demand for a list of alibi witnesses, but did not then nor at any other time prior to trial request an extension of time in which to comply with Rule 12.1. Nor did counsel ever respond to the demand for a list of alibi witnesses.

At trial, following defense counsel's opening statement in which he announced his intention to call certain alibi witnesses, government counsel objected to the use of any alibi witnesses on the grounds that defendant had failed to comply with the notice required of Rule 12.1. In response, counsel stated that he was not aware of that rule. In ruling upon the matter, the trial judge determined that good cause had not been shown for failure to comply with Rule 12.1, and excluded the proposed testimony of the alibi witnesses.

On appeal Fitts does not challenge the constitutionality of Rule 12.1; he contends the trial judge abused his discretion in applying the exclusionary sanction of subsection (d) under the facts of this case. The provisions of Fed.R.Crim.P. 12.1 relevant to this case are subsection (a) and (d):

(a) *Notice by Defendant.* Upon written demand of the attorney for the government stating the time, date, and place at which the alleged offense was committed, the defendant shall serve within ten days, or at such different time as the court may direct, upon the attorney for the government a written notice of his intention to offer a defense of alibi. Such notice by the defendant shall state the specific place or places at which the

defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom he intends to rely to establish such alibi.

.   .   .   .   .

(d) *Failure To Comply.* Upon the failure of either party to comply with the requirement of this rule, the court may exclude the testimony of any undisclosed witness offered by such party as to the defendant's absence from or presence at, the scene of the alleged offense. This rule shall not limit the right of the defendant to testify in his own behalf.

■ Authority in the trial judge to exclude evidence for noncompliance is contemplated by the wording and history of the Rule. *See* Advisory Committee Notes on Rule 12.1 of the Federal Rules of Criminal Procedure, 62 F.R.D. 293, 294. Indeed exclusion for noncompliance may be the normal sanction applied. *See United States v. Myers,* 550 F.2d 1036 (5th Cir. 1977). Here there were extenuating circumstances in the fact that counsel was not appointed until the time for compliance had nearly run out, and it was obvious that the lawyer was inexperienced. We think it would have been better practice to have allowed the testimony under the particular circumstances of this case. But we cannot say that the trial judge abused his discretion in not doing so. Counsel's statement that he did not know of the rule is not credible in view of his admission that he knew of the government's demand for alibi witnesses, and the rule is mentioned expressly in the written demand which is in the court file. We note also the alibi testimony offered related only to the two counts concerning the January 31, 1977, possession and passing, and the witnesses were to be defendant's wife and sister-in-law.

Fitts also claims that he was denied the effective assistance of counsel in violation of his Sixth Amendment rights. This contention is almost entirely premised upon the failure of his court-appointed counsel to comply with the notice requirements of Rule 12.1, and the resultant exclusion of his alibi witnesses. It is also pointed out to us that the court-appointed counsel had been in practice less than one year and this was apparently his first jury trial. Because of those facts we have examined the entire record of the case with particular care. The record reflects that counsel conducted the defense in an acceptable manner. He challenged testimony of the government witnesses on cross-examination, interposed appropriate objections, called and adequately examined a defense witness to refute the incriminating testimony of Jost, and presented arguments which demonstrated his knowledge of the law and facts in this case.

■ We have said many times the right to counsel does not require that he have counsel who wins the case or conducts the perfect trial. Counsel here did not conduct the defense in an incompetent or inadequate manner so as to render the trial a sham and a mockery of justice which shocks the conscience of the court. *Tapia v. Rodriguez,* 446 F.2d 410 (10th Cir. 1971); *Brady v. United States,* 433 F.2d 924 (10th Cir. 1970).

■ Fitts' final argument is that the trial court abused its discretion in denying a motion for continuance. He asked for one week, and the court gave him three days. The ground for the request was to have time to obtain the presence of Ken Maloney as a defense witness. Since Maloney testified at trial for the defense, we find no manifest injustice in not granting the full period requested. *United States v. Olivas,* 558 F.2d 1366 (10th Cir.), *cert. denied,* 866 U.S. 434, 98 S.Ct. 203, 54 L.Ed.2d 142 (1977).

The judgment is AFFIRMED.