**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Leroy WHITE, Defendant-Appellant.**

No. 78–5023.

United States Court of Appeals,
Sixth Circuit.

Argued July 7, 1978.
Decided Sept. 19, 1978.

Eric Akers, Plymouth, Ohio (court-appointed), for defendant-appellant.

William D. Beyer, U. S. Atty., James D. Jensen, Asst. U. S. Atty., Toledo, Ohio, for plaintiff-appellee.

Before PHILLIPS, Chief Judge, LIVELY, Circuit Judge, and PECK, Senior Circuit Judge.

PHILLIPS, Chief Judge.

The issue in this case is whether the district court abused its discretion in not permitting an alibi witness to testify at appellant's trial even though appellant failed to comply with the notice provisions of Fed.R.Crim.P. 12.1 (hereinafter Rule 12.-1).[1] We hold that the district judge did not abuse his discretion and affirm the conviction.

An indictment was returned against appellant charging him with bank robbery in violation of 18 U.S.C. § 2113(a), and bank robbery by means and use of a dangerous weapon, 18 U.S.C. § 2113(d). Appellant entered a plea of not guilty and trial was set for July 5, 1977.

In accordance with Rule 12.1(a), the attorney for the Government made a written demand upon appellant for notice of alibi on June 17, 1977. Ten days later appellant filed a notice of alibi in which he named two witnesses whom he intended to rely upon at trial to establish his alibi. Simultaneously with filing the notice of alibi, appellant filed a demand upon the Government to disclose names and addresses of witnesses the Government intended to rely upon to rebut the testimony of appellant's alibi witnesses. See Rule 12.1(b); *Wardius v. Oregon*, 412 U.S. 470, 93 S.Ct. 2280, 37 L.Ed.2d 82 (1973). The Government responded by stating the names and addresses of three rebuttal witnesses.

Because of continuances requested once by appellant and twice by the Government, the trial of appellant did not begin on July 5, 1977. On the second scheduled date for trial, August 19, 1977, appellant's two co-defendants changed their pleas from not guilty to guilty. On October 19, 1977, the Government filed an amended response to appellant's notice of alibi, naming the two co-defendants as witnesses the Government intended to rely upon to rebut appellant's alibi witnesses. See Rule 12.1(c).

Trial began on November 8, 1977. Disinterested witnesses as well as appellant's co-defendants and a life-long friend of appellant gave testimony implicating appel-

---

1.  Fed.R.Crim.P. 12.1 states:

    **Rule 12.1  Notice of Alibi**

    (a) **Notice by Defendant.**  Upon written demand of the attorney for the government stating the time, date, and place at which the alleged offense was committed, the defendant shall serve within ten days, or at such different time as the court may direct, upon the attorney for the government a written notice of his intention to offer a defense of alibi.  Such notice by the defendant shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom he intends to rely to establish such alibi.

    (b) **Disclosure of Information and Witness.**  Within ten days thereafter, but in no event less than ten days before trial, unless the court otherwise directs, the attorney for the government shall serve upon the defendant or his attorney a written notice stating the names and addresses of the witnesses upon whom the government intends to rely to establish the defendant's presence at the scene of the alleged offense and any other witnesses to be relied on to rebut testimony of any of the defendant's alibi witnesses.

    (c) **Continuing Duty to Disclose.**  If prior to or during trial, a party learns of an addi-

tional witness whose identity, if known, should have been included in the information furnished under subdivision (a) or (b), the party shall promptly notify the other party or his attorney of the existence and identity of such additional witness.

    (d) **Failure to Comply.**  Upon the failure of either party to comply with the requirements of this rule, the court may exclude the testimony of any undisclosed witness offered by such party as to the defendant's absence from or presence at, the scene of the alleged offense.  This rule shall not limit the right of the defendant to testify in his own behalf.

    (e) **Exceptions.**  For good cause shown, the court may grant an exception to any of the requirements of subdivisions (a) through (d) of this rule.

    (f) **Inadmissibility of Withdrawn Alibi.**  Evidence of an intention to rely upon an alibi defense, later withdrawn, or of statements made in connection with such intention, is not admissible in any civil or criminal proceeding against the person who gave notice of the intention.

    Added Apr. 22, 1974, eff. Dec. 1, 1975, and amended July 31, 1975, Pub.L. 94–64, § 3(13), 89 Stat. 372.

lant in the robbery. On the third day of trial, after the close of all the evidence but before the case was submitted to the jury, appellant moved to reopen the defense in order to present the testimony of an alibi witness, Sydney Walker. Appellant and his counsel were aware of the identity of Walker as early as July, 1977, but appellant contended at trial that Walker's name was not disclosed to the Government because appellant was unable to locate Walker. The district court denied appellant's motion to reopen the case.[2]

At the outset, we recognize that the decision to reopen a case after the parties have presented proofs and rested, lies within the sound discretion of the district court. *See United States v. Bridgefourth*, 538 F.2d 1251, 1253 (6th Cir. 1976). *See also United States v. Sisack*, 527 F.2d 917, 919 (9th Cir. 1975). In *United States v. Billingsley*, 474 F.2d 63, 67 (6th Cir.), *cert. denied*, 414 U.S. 819, 94 S.Ct. 42, 38 L.Ed.2d 51 (1973), this court stated that "courts should be extremely reluctant to grant reopenings." *See also United States v. Burger*, 419 F.2d 1293, 1295 (5th Cir. 1969).

In the present case, appellant knew the identity of Walker months prior to trial and although appellant may not have known Walker's whereabouts in July, 1977, appellant certainly knew where Walker was located prior to the close of the proofs.

Rule 12.1(d) provides that if either party fails to comply with the notice requirements of the Rule, "the court may exclude the testimony of any undisclosed witness offered by such party as to the defendant's absence from . . . the scene of the alleged offense." If, however, the notice requirements of Rule 12.1 are not met, "the court may grant an exception . . . for good cause shown." Rule 12.1(e). In *United States v. Barron*, 575 F.2d 752, 757 (9th Cir. 1978), the Ninth Circuit indicated that courts should impose the sanction of Rule 12.1(d) "only after a careful weighing of the interest of the defendant in a full and fair trial against the interests of avoiding surprise and delays."

In the present case it is undisputed that appellant did not comply with the notice provisions of Rule 12.1. Appellant contends, however, that the district court abused its discretion by imposing the sanction of section (d) of the Rule, i. e., exclusion of the testimony of Walker, and further, the court abused its discretion by not granting an exception to the notice requirements of the Rule because of "good cause shown."[3] We reject appellant's argument that because he did not know where his alibi witness, Sydney Walker, could be located, appellant was not under an obliga-

2. In denying the motion, District Judge Don J. Young stated in part:

Now, it is not a matter of the whereabouts, it isn't the matter of the investigation made; it is a matter of the man's name. Obviously your client knows his name now. It has not even been hinted that he hasn't known it at all times this case has been pending, and for his own purposes he has concealed that fact, not only from the prosecuting attorney, but from the Court.

It wasn't until we got into open court that the name of this man was given, and even then it wasn't given fully and freely but was sort of dragged out as I recall it.

To me that is not playing the game according to the rules. I realize that I have discretion. Normally I exercise that discretion by giving a defendant every possible chance to establish his defense, but I draw the line when I feel that the defendant is deliberately not following the rule, that he is not being honest with the Court, his counsel, or with

opposing counsel, and I will not permit the defendant to reopen his case to offer the testimony of this man Walker.

There is no reason why Walker's name couldn't have been disclosed, and if you had disclosed it and said you didn't know where Walker was and you weren't sure whether you were going to use him unless you could talk to him, it may well be that the government, the F.B.I., would have located him and would have shared it with you if you had asked them to do so. I don't know that, but I do know that they had a right to be told this man's name, certainly before the case is completely tried and ready to be submitted to the jury. Trial transcript 290–91.

3. Appellant does not contend that the compulsory notice obligations denied him due process or a fair trial. Cf. *Wardius v. Oregon, supra*, 412 U.S. at 472 n.4, 93 S.Ct. 2280; *Williams v. Florida*, 399 U.S. 78, 83 n.14, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970).

tion to disclose Walker's name to the Government.

In reviewing a State rule similar to Rule 12.1, the Supreme Court, in *Williams v. Florida, supra*, 399 U.S. at 81–82, 90 S.Ct. at 1896, stated:

Given the ease with which an alibi can be fabricated, the State's interest in protecting itself against an eleventh-hour defense is both obvious and legitimate.

\* \* \* \* \* \*

The adversary system of trial is hardly an end in itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played. (footnote omitted).

In *United States v. Myers*, 550 F.2d 1036 (5th Cir. 1977), the Fifth Circuit enumerated factors to be considered in determining whether the trial court properly exercised its discretionary power to exclude the testimony of an undisclosed witness under section (d). The court stated:

[A] district court should consider (1) the amount of prejudice that resulted from the failure to disclose, (2) the reason for nondisclosure, (3) the extent to which the harm caused by nondisclosure was mitigated by subsequent events, (4) the weight of the properly admitted evidence supporting the defendant's guilt, and (5) other relevant factors arising out of the circumstances of the case. *Cf.* Advisory Committee Notes on Rule 16 of the Proposed Federal Rules of Criminal Procedure 39 F.R.D. 69, 178 (1966). (footnote omitted). 550 F.2d at 1043.

Although *Myers* involved the failure of the Government to comply with the notice requirements of Rule 12.1, these factors are applicable to this case in which the appellant failed to comply.

First, the Government would have been seriously prejudiced if Walker had been permitted to testify because the Government would not have had an opportunity to interview Walker and investigate the veracity of his representations regarding appellant's whereabouts on the date of the robbery. Because Walker's testimony was not offered until both parties had rested at the close of a three day jury trial, a continuance for this purpose would not have been satisfactory.

Appellant's stated reason for not disclosing to the Government the name of Sydney Walker is that appellant did not know where Walker could be located. Although appellant's counsel was aware of the identity of Walker as early as July, 1977, no notice of intention to present Walker as an alibi witness was filed prior to the end of trial on November 10, 1977. Appellant's argument for non-disclosure is ill-founded because Rule 12.1 requires the defendant to give notice to the Government of the *identity* of alibi witnesses. If appellant had known Walker's address, he would have been required to disclose it in accordance with section (a) of the Rule but the mere fact that appellant did not know Walker's whereabouts does not excuse appellant from complying with the identity requirements of Rule 12.1(a). If appellant had tendered notice of Walker's identity, the Government would have had an opportunity to locate Walker for the benefit of both parties.

Another factor is the weight of the evidence supporting appellant's guilt. *See United States v. Barron, supra*, 575 F.2d at 758. In the present case, two accomplices testified against appellant. This testimony was largely supported by testimony of disinterested witnesses. Furthermore, because the jury did not believe appellant's alibi witnesses who did testify as well as appellant's own version of the facts when he took the stand in his own defense, it is doubtful the jury would have believed the alibi testimony of an additional witness. *See United States v. Smith*, 173 U.S.App. D.C. 314, 316–317, 524 F.2d 1288, 1290–91 (1975).

For the reasons set forth in this opinion, we hold that appellant did not show "good cause" as required by Rule 12.-1(e), and further that the district court did not abuse its discretion in not permitting appellant's alibi witness to testify. *See United States v. Hutton*, 558 F.2d 1265 (6th

Cir.), *cert. denied*, 434 U.S. 970, 98 S.Ct. 519, 54 L.Ed.2d 459 (1977).

Affirmed.