David M. CLARK, Appellant,

v.

UNITED STATES, Appellee.

No. 12171.

District of Columbia Court of Appeals.

Submitted Dec. 12, 1978.

Decided Jan. 18, 1979.

Harvey Y. Smith, Washington, D. C., appointed by this court, was on the brief for appellant.

William J. Hardy, Jr., Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., and John A. Terry, Andrea L. Harnett, and Michael W. Farrell, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before YEAGLEY, MACK and FERREN, Associate Judges.

FERREN, Associate Judge:

Appellant was convicted of armed robbery, D.C.Code 1973, §§ 22–2901, –3203, and sentenced to five to eighteen years imprisonment.[1] He asserts that the trial court abused its discretion in excluding his prof-

---

1. The court suspended all but 90 days of appellant's sentence and placed him on five years' probation.

2. Appellant's trial counsel had replaced another attorney on November 11, 1976.

fered alibi witness because he had failed to comply with Super.Ct.Cr.R. 16–I. Finding no abuse of discretion, we affirm.

## I.

On July 4, 1976, appellant was arrested and charged with armed robbery of a grocery store on December 15, 1975. Pursuant to Super.Ct.Cr.R. 16–I, on August 30, 1976, the government demanded that appellant submit the names of all potential alibi witnesses. Appellant failed to respond to this demand. On the first day of trial, appellant's counsel asserted that there were no alibi witnesses.[2] Before the start of the second day of trial, however, counsel sought to introduce appellant's mother as an alibi witness. He explained his previous failure to give notice of the alibi witnesses, stating that appellant did not recall his whereabouts at the time of the crime, and that counsel had been unaware until after the first day of trial that appellant's mother, Mrs. Clark, knew of her son's whereabouts on December 15, 1975.

More specifically, after trial the first day, counsel mentioned to Mrs. Clark that he might call her to testify on a matter which had arisen during the day's proceedings. Mrs. Clark then informed him that she also could offer information about where her son had been on December 15 at the time of the offense. She explained that during her discussions with her son's previous attorney, she had believed that a mother could not testify for her son. She accordingly had never come forward with her information.[3] Defense counsel immediately took Mrs. Clark to the prosecutor's office and permitted the prosecutor to question her.

The government opposed appellant's request that Mrs. Clark be permitted to testify, pointing out that counsel had only brought her to the prosecutor's office at

---

3. Defense counsel explained that Mrs. Clark was aware that a husband or wife could not always testify for his or her spouse and may have concluded for that reason that a mother could not testify for her son. Counsel did not assert that appellant's previous lawyer had told Mrs. Clark this.

5:00 p. m. on the previous day, and that the prosecution would be prejudiced if she testified because it would be unable to call appellant's previous attorney in rebuttal. Upon learning that defense counsel had been on the case since November, more than three months before trial, the court ruled that it would not permit appellant's mother to testify.

## II.

Rule 16–I(a) requires a defendant to furnish the names and addresses of prospective alibi witnesses within 10 days after the prosecutor's written demand for such information. If the defendant fails to do so, the rule states that the court "shall, except for good cause shown, exclude the testimony of any witness offered by such party as to the defendant's absence from, or presence at, the scene of the alleged offense." Super. Ct.Cr.R. 16–I(c).[4] Recognizing the ease with which an alibi can be fabricated, the Supreme Court has upheld the validity of reciprocal notice-of-alibi rules, acknowledging that the government has a legitimate interest in protecting itself from eleventh hour defenses. *Williams v. Florida*, 399 U.S. 78, 81, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970). Such rules serve the important purpose of preventing unfair surprise to the prosecution and obviating the need for a continuance which arises when one side introduces unexpected testimony at trial.[5] *See* Advisory Committee Notes on Rule 12.1 of the Federal Rules of Criminal Procedure, 62 F.R.D. 271, 294–95 (1974).

Although the preclusion of an alibi witness is a harsh sanction for noncompliance with the rule, it is generally assumed that such a sanction is essential if the notice-of-alibi rule is to have any practical significance. *See* Advisory Committee Notes, *supra* at 294. *But see* Note, *The Preclusion Sanction—A Violation of the Constitutional Right to a Defense*, 81 Yale L.J. 1342 (1972) (suggesting alternative sanctions for noncompliance with a notice-of-alibi rule).[6] In order to alleviate the harshness of the rule, the trial court is provided the discretion to permit a defendant to call an alibi witness if the defendant can show good cause for the failure to

**4.** Rule 16–I was superseded by Rule 12.1 on July 1, 1977. The new rule is essentially the same as the old and is identical to the federal rule. There is, however, one important distinction between the old and new rules. The old rule states that the court "shall exclude" the testimony of an alibi witness if the defendant fails to show good cause for noncompliance with the rule. *See* Super.Ct.Cr.R. 16–I(c). In contrast, the new rule states that the trial court "may exclude" such testimony. Super.Ct.Cr.R. 12.1(d). Although both rules permit the exercise of discretion, the new rule allows the trial court to avoid the harsh sanction of exclusion even where the defendant has failed to show good cause. *See United States v. Smith*, 173 U.S.App.D.C. 314, 316, 524 F.2d 1288, 1290 (1975) (per curiam).

**5.** The Supreme Court has held that similar, reciprocal notice-of-alibi rules do not deny a defendant his privilege against self-incrimination or his right to due process guaranteed by the Fifth and Fourteenth Amendments. *See Wardius v. Oregon*, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973); *Williams v. Florida*, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970).

**6.** The Supreme Court expressly reserved decision on the question whether a court may constitutionally exclude an alibi witness because a defendant has failed to comply with a notice-of-alibi rule. *Wardius, supra*, 412 U.S. at 472 n.4, 93 S.Ct. 2208; *Williams, supra* 399 U.S. at 83 n.14, 90 S.Ct. 1893. *See Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) (few rights are more fundamental than that of an accused to present witnesses in his own defense); *United States v. Haldeman*, 181 U.S.App.D.C. 254, 306, 559 F.2d 31, 83 (1976), *cert. denied*, 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977) (defendant's interest in presenting witnesses "implicates constitutional values, since the Sixth Amendment right to compulsory process is 'in plain terms the right to present a defense'" (footnote omitted). Although appellant has suggested in passing that the court's exclusion of his alibi witness violated his Sixth Amendment right, appellant did not present such an argument to the trial court and neither party has explored the constitutionality of this sanction on appeal. We accordingly may limit our analysis to a determination of appellant's claim that the trial court abused its discretion in excluding his alibi witness. *See United States v. Barron*, 575 F.2d 752, 757 n.5 (9th Cir. 1978). We note, however, that several courts have upheld the trial court's decision to impose this sanction. *See United States v. Smith, supra; United States v. Fitts*, 576 F.2d 837 (10th Cir. 1978); *United States v. Barron, supra.*

comply with the rule. The only question facing this court, therefore, is whether the trial court properly exercised its discretion in concluding that the appellant had not presented sufficient evidence to avail himself of the "good cause" exception to Rule 16–I.

▮ In exercising its discretion under this rule, it is important that the court carefully weigh the defendant's interest in a full and fair trial against the interest of the government and the court in avoiding surprises and delays. *United States v. Barron,* 575 F.2d 752, 757 (9th Cir. 1978); *see People v. Moore,* 36 Colo.App. 328, 539 P.2d 489, 490–91 (1975). Factors which a trial judge should consider are: (1) the reasons for the nondisclosure, (2) the weight of the evidence supporting the defendant's guilt, (3) the prejudice, if any, to the opposing party, (4) the feasibility of rectifying the prejudice by a continuance, and (5) any other circumstances that might be relevant. *United States v. Myers,* 550 F.2d 1036, 1043 & n.9 (5th Cir. 1977) (citing Advisory Committee Notes on Rule 16 of the Proposed Federal Rules of Criminal Procedure, 39 F.R.D. 69, 178 (1966); *see United States v. Barron, supra* at 757–58 (defendant's lack of cooperation in his own defense and the strength of the government's case justified the trial court's exclusion of the alibi witnesses).

▮ In the present case, the defense counsel's sincere surprise in discovering that appellant's mother was willing to testify as an alibi witness and his conscientious actions in immediately notifying the prosecutor that he wanted to use Mrs. Clark as a witness provide some support for appellant's claim of good cause. On the other hand, appellant had apparently made no significant effort to discover whether any witnesses could support an alibi. Although defense counsel had been on the case more than three months, he had not contacted Mrs. Clark to determine whether she could assist the appellant in his defense. The justification for trial counsel's failure to discover the alibi witness is even more questionable in light of the statement made by appellant's prior counsel in his Motion for Leave to Withdraw as Counsel: "It is the movant's understanding that the defendant has a substantial alibi defense and the movant is also aware that the United States Attorney intends to serve him with an Alibi Demand for the names of the defendant's alibi witnesses which Demand, the movant is and will be unable to reply to due to the lack of communication between himself and the defendant." These circumstances indicate that appellant failed to act diligently in discovering this alibi witness.[7]

In addition, the prosecution was notified of Mrs. Clark's testimony at approximately 5:00 p. m. on the evening before the second day of trial. The next morning, the government asserted that it would be prejudiced if Mrs. Clark were permitted to testify because it would not be able to call appellant's first attorney in rebuttal. Finally, it appears that two eyewitnesses at the grocery store identified appellant as the armed robber; the government's case was strong.

Under these circumstances, we cannot say that the trial court abused its discretion in denying appellant's eleventh hour request to introduce his mother as an alibi witness. *See United States v. Smith,* 173 U.S.App.D.C. 314, 316–17, 524 F.2d 1288, 1290–91 (1975) (per curiam); *United States v. Fitts,* 576 F.2d 837, 839 (10th Cir. 1978); *United States v. Barron, supra* at 757–58.

*Affirmed.*

---

7. One jurisdiction has held that "in the absence of totally inexcusable neglect" the court should permit an alibi witness to testify. *State v. Grant,* 10 Wash.App. 468, 519 P.2d 261, 265 (1974). We see no reason to impose such an abnormally strict standard of review in cases where the court has excluded the alibi witness.