**Marvin C. WILLIAMS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 02–CO–253.**

District of Columbia Court of Appeals.

Submitted Jan. 21, 2003.

Decided Feb. 6, 2003.

Marvin Williams, pro se.

Roscoe C. Howard, Jr., United States Attorney, and John R. Fisher and Thomas J. Tourish, Jr., Assistant United States Attorneys, were on the brief for appellee.

Before GLICKMAN and WASHINGTON, Associate Judges, and KING, Senior Judge.

GLICKMAN, Associate Judge.

Marvin Williams was arrested in 1997 for assaulting his wife. The resulting information charging Williams with simple assault was dismissed for want of prosecution in 1998. Four years later, Williams moved to seal his arrest records pursuant to Super. Ct.Crim. R. 118. The Superior Court summarily denied the motion on the ground that Williams failed to show good cause for not filing it within 120 days after the assault charge was dismissed. Williams has appealed. We review the court's ruling for abuse of discretion. *See Clark v. United States*, 396 A.2d 997, 999–

---

1000 (D.C.1979); *United States v. Madeoy,* 286 U.S.App.D.C. 132, 136, 912 F.2d 1486, 1490 (1990), *cert. denied,* 498 U.S. 1105, 111 S.Ct. 1008, 112 L.Ed.2d 1091 (1991). We affirm.

Rule 118(a) provides that any person arrested for a D.C.Code offense whose prosecution has been terminated without conviction and before trial may file a motion to seal the arrest records "within 120 days after the charges have been dismissed." After 120 days, the motion is untimely; however, "[f]*or good cause shown and to prevent manifest injustice,* the person may file a motion within 3 years after the prosecution has been terminated, or at any time thereafter if the government does not object." Super. Ct. Crim. R. 118(a) (emphasis added). We read this latter provision to mean that a movant seeking to extend the filing deadline must set forth both the justification ("good cause") for not having filed within the 120–day period, and the prejudice ("manifest injustice") that the movant will suffer if the relief is not granted.[1] If the motion does not satisfy these requirements, it "shall" be denied as untimely in accordance with Super. Ct.Crim. R. 118(c).

Williams' motion stated only that "this Court should extend the filing deadline for good cause and to prevent manifest injustice because my wife has provided adequate documentation on this charge; and because I am applying for a job and I really need this taken off my record." Accompanying the motion was an affidavit from Williams' wife stating that "the domestic violence incident that took place was done without my husband's knowledge. I was upset that my husband walked away and went into the other bedroom and I called the police on him."[2]

It is apparent that Williams did not offer any justification for his delay in filing the motion. The court therefore did not abuse its discretion in finding that Williams had not made the requisite showing of "good cause" and denying the motion as untimely.

The judgment on appeal is hereby *affirmed.*

---

1. In order to plead "manifest injustice," the motion at a minimum must present facts showing "that the offense for which the movant was arrested did not occur or that the movant did not commit the offense ...." Super. Ct.Crim. R. 118(e); *see White v. United States,* 582 A.2d 1199, 1201 (D.C.1990).

2. The affidavit added the statement that "[w]e have been happily married ever since this incident and we also have a new baby that has brought even more joy to our life."