220 N.J. Super. 34 (1987)
531 A.2d 378
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JEFFREY CAFFEE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued August 25, 1987.
Decided September 16, 1987.
*35 Before Judges FURMAN and COHEN.
Rena Rothfeld, Designated Counsel, argued the cause for appellant (Alfred A. Slocum, Public Defender, attorney).
Virginia M. Lincoln, Assistant Prosecutor, argued the cause for respondent (Herbert H. Tate, Jr., Essex County Prosecutor, attorney).
The opinion of the court was delivered by FURMAN, P.J.A.D.
Defendant was convicted of second degree sexual assault, N.J.S.A. 2C:14-2, following a three day jury trial. He was sentenced to a ten year term of imprisonment with a four year term of parole ineligibility. On appeal he raises several issues of trial error and, also, challenges as excessive his parole ineligibility term. We hold that defendant is entitled to a reversal of his conviction and sentence and remand for a new trial on the single issue of error in the exclusion of his profered alibi witnesses.
The victim Angela Bundy reported to the police that she was assaulted and raped in a public park in Montclair shortly before midnight on June 2, 1982. She made no identification of her assailant. Her description was a general one, fitting defendant or any other short black man of medium build in his twenties.
Approximately a month later, Angela Bundy went to a July Fourth picnic with Derrick Ellis. Accompanying them were *36 Derrick's sister Catherine and defendant, to whom Angela Bundy was introduced. Her testimony at trial was that she recognized defendant as her assailant and so informed Derrick Ellis by writing and passing a note to him. That day the foursome were together for 13 hours, at the picnic, at a concert in the Meadowlands and later at the Ellis home. After defendant left, Angela Bundy and Derrick Ellis went to the police station. Angela Bundy informed an officer that she had identified defendant, naming him, as the man who had raped her. A subsequent State Police laboratory report concluded that hair fragments taken from the victim's pubic combings after her report of a rape did not "compare" with defendant's "pubic hair control."
During more than two years between indictment and trial, the State served a written demand for an alibi bill of particulars, pursuant to R. 3:11-1. Defendant's attorney, who had been substituted for another attorney, responded out-of-time on April 1, 1985, but the alibi bill of particulars was unsigned. Subsequently, a signed alibi bill of particulars was served on April 29, 1985. The trial started on May 1, 1985.
Defendant's alibi bill of particulars specified:
1. The specific place at which I was at the time of the offense alleged against me was North Carolina.
2. The name and address of the witness upon whom I intend to rely to establish such alibi:
a. Myself, residing at 69 Wolff Place, First Floor, Hillside, New Jersey.
b. Joyce and James McDaniels, residing at 2161 Baywood Road, Lot 6, Fayetteville, North Carolina, 28301 (919) 483-4495.
Defendant, who had a criminal record but not for sex offenses, did not himself take the witness stand at trial.
The trial judge denied leave to defendant to call any alibi witness, following oral argument outside the jury's presence preceding the calling of the first witness. During that oral argument, defendant's attorney represented that an investigator for the prosecutor, "who I believe is in the court now, has called the two people and attempted to discuss this matter with them." That representation was not denied by the prosecutor. *37 After the trial judge's ruling, defendant's attorney asked permission to make a telephone call to let the witnesses know they would not be wanted, implying that the two named witnesses from North Carolina were available somewhere nearby in this State.
The trial judge concluded:
You have their addresses, you give us addresses. At the specific place and at which I was at the time of the offense against me was North Carolina. Then he states he will rely on Joyce and James McDaniels and you give their address. That doesn't indicate that he was there. This does not state where he was. It's a totally invalid Alibi Notice, in no way in compliance with the rules as to time or to content. I will not permit the witnesses to testify. The defendant, of course, can always say where he was. There will be no need for a late Alibi Notice because it is rejected.
Preclusion of defendant's alibi witnesses was a drastic sanction for a violation of the criminal discovery rules. In our view, the State's interest in enforcement of those rules did not per se justify that preclusion. What we said in State v. Francis, 128 N.J. Super. 346, 351 (App.Div. 1974) applies here:
We are of the view that the trial court should have done more to explore and to resolve the question of whether the State would have been unfairly surprised or disarmed by defendant's testimony of alibi and if so whether that disadvantage might have been redressed by a reasonable continuance.
On the appeal before us, the State had notice of defendant's alibi witnesses, although unsigned, a month in advance. Alternatives to rejection of the alibi testimony were, in any event, available at trial, such as a continuance for an Evid.R. 8 hearing or other pretrial examination of the alibi witnesses by the prosecutor.
Factors favoring a reversal and remand because of preclusion of the profered alibi testimony without a continuance or other alternative disposition include the following. The State's case against defendant was not overwhelming. Any neglect by defendant's attorneys should not be imputed to him. There was no showing of fault by defendant in the late service of the bill of particulars, apart from his changing his attorney and not initially signing the bill of particulars. The profered alibi witnesses were, it appears, available to be examined or interviewed. *38 They were independent witnesses not closely related to or affiliated with defendant insofar as the record shows. Cf. State v. Harris, 117 N.J. Super. 83 (App.Div. 1971) (exclusion of alibi testimony of defendant's mother held not to be reversible error).
Unmistakably, in our view, the trial court's rejection of defendant's alibi witnesses had a clear capacity to affect the jury outcome and to produce an unjust result; State v. Macon, 57 N.J. 325, 335-336 (1971); State v. Volpone, 150 N.J. Super. 524, 530 (App.Div. 1977), aff'd 75 N.J. 543 (1977); R. 2:10-2.
See also generally favoring alternatives to preclusion of alibi testimony in the interests of justice, notwithstanding late alibi notice: State v. Mitchell, 149 N.J. Super. 259, 262 (App.Div. 1977); Escalera v. Coombe, 826 F.2d 185, 192 (2 Cir.1987); Braunskill v. Hilton, 629 F. Supp. 511, 523 (D.N.J. 1986), aff'd 808 F.2d 1515 (3 Cir.1986), vacated and remanded on other grounds, ___ U.S. ___, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987); Hackett v. Mulcahy, 493 F. Supp. 1329, 1340 (D.N.J. 1980).
Because we decide as we do, we need not and do not pass upon the other issues raised by defendant.
We reverse and remand for further proceedings not inconsistent herewith.