STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
CLEVELAND SUTTON, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 24, 1989—Decided December 8, 1989.

Before Judges PRESSLER, LONG and LANDAU.

*Alfred A. Slocum,* Public Defender, attorney for appellant (*Roy B. Greenman,* Designated Counsel, of counsel and on the brief).

*Peter N. Perretti, Jr.,* Attorney General, attorney for respondent (*Annmarie Cozzi,* Deputy Attorney General, of counsel).

The opinion of the Court was delivered by

LONG, J.A.D.

After a jury trial, defendant Cleveland Sutton was convicted of third-degree possession of stolen property contrary to *N.J. S.A.* 2C:20-7. He was sentenced to a custodial term of three years with a recommendation by the trial judge that the sentence be served at the Youth Reception and Correction Center. The judge also imposed an appropriate Violent Crimes Compensation Board penalty. Defendant appeals, claiming that the following trial errors warrant reversal:

POINT I:

THE COURT ABUSED ITS DISCRETION IN TELLING THE JURY THAT THE DEFENDANT FILED A LATE NOTICE OF ALIBI FOR WITNESS HENRY BROWN.

POINT II:

THE COURT ERRED UNDER THE FACTS OF THE INSTANT CASE IN CHARGING THE LESSER INCLUDED OFFENSE OF RECEIVING STOLEN PROPERTY.

We have carefully reviewed this record in light of the claims advanced and have concluded that the trial judge's instruction on the lateness of defendant's notice of alibi was improper. For this reason the conviction must be reversed.

The facts in the case are as follows: In the early morning hours of July 23, 1986, Horace Smith agreed to drive his uncle from Hillside to Newark. When the pair reached the area of Avon Avenue and 15th Street in Newark, the uncle alighted to visit a friend while Smith remained in the car. He was then approached by a man with a gun who demanded money. The man ordered Smith out of the car at which point he was joined by three other men, one of whom took Smith's wallet. Smith's keys were also taken and the three men who had joined the gunman drove away in Smith's car with the man who had taken Smith's wallet in the driver's seat. The gunman then ran away. After notifying the police, an officer and Smith drove around the neighborhood and in fifteen or twenty minutes found the gunman who told them where they might find the car. They came upon Smith's car with defendant behind the wheel approximately three to four hours after it was taken. Smith identified defendant as one of the three individuals who had taken his car, but not the driver.

Defendant was arrested and charged with first degree robbery. He filed a timely notice of alibi for one witness, Keith Patterson. Five days before trial, on September 24, 1987, defense counsel advised the prosecutor that he intended to present Henry Brown, a bartender at Nancy's Lounge, the establishment in front of which defendant had been arrested, as a fact witness. Subsequently, on September 28, one day before the trial began, defense counsel orally advised the prosecutor

that he intended to present Brown as a second alibi witness. The following day, defendant executed and filed a formal written notice of alibi naming Brown. At that time, the prosecutor indicated that he would seek a "late alibi" charge as to Brown. During the trial, in order to avoid the problem of the so-called "late alibi" charge, defense counsel attempted to limit Brown's testimony to fact evidence and to withdraw the notice of alibi. The State objected and the trial judge ruled that Brown could not be withdrawn as an alibi witness and that it was likely that the "late alibi" charge would be given.

At trial, Patterson testified that on the evening of July 22, 1986 and into the early morning hours of the day of the crime he was with defendant at various locations and ultimately at Nancy's Lounge in Newark. Both were drinking when a young black man came into the bar and asked for a jump start for his car. According to Patterson, defendant left the bar in order to assist the man. Patterson followed them out. He observed the defendant and the young man push an old gray Camaro from the intersection of 20th Street and 16th Avenue, Newark. Patterson retrieved defendant's car from around the corner and moved it into position for the jump start. Defendant gave the car a jump start. Patterson then drove defendant's car back to where it had been parked. When he returned, he observed the police pull up and arrest defendant. The witness also observed the young black male run away as the police approached. Patterson testified that the man with the police appeared drunk and said he did not recognize defendant. According to Patterson, the victim also said that five "dudes" took his car. Patterson claimed that the police searched the defendant's car, parked around the block, and found jumper cables.

The defense then presented Brown, the bartender at Nancy's. Brown testified that the defendant and Keith Patterson were in his bar drinking on the night of July 22, 1986 from about 11:00 p.m. into the early hours of July 23 when a black man came into the bar and asked for a jump start for his car. The defendant

agreed to assist the man. Brown saw the two cars hooked up and later learned that defendant had been arrested.

Over defendant's objection, the trial judge gave the following charge:

Now, in a criminal case, a defendant is required to give notice to the Prosecutor that he will rely upon the defense of alibi within certain time limits provided by our Court rules. Generally, if a defendant intends to rely in any way on an alibi, then he must within ten days of a request from the Prosecutor furnish what we call a Bill of Particulars. It is a piece of paper signed by him telling the Prosecutor where he says he was and who he was supposedly with at the time and place of the crime. In other words, the facts to support his alibi. If the defendant does not furnish this information within that time to the Prosecutor, then it is within my discretion to make an order in the interest of justice as to what to do. Now, in this case the defense did not provide the name of one witness, the bartender, Henry Brown, to the Prosecutor until the day before trial. In determining the alibi defense, ladies and gentlemen, you may consider along with all of the other proof in the case, the lateness of the Notice to the Prosecutor of the name and address of the witness Henry Brown, the bartender.

Defendant was convicted and this appeal ensued.

Defendant argues that the trial judge's instruction was nothing more than an impermissible comment on the exercise of his constitutionally guaranteed right to silence. *State v. Deatore*, 70 *N.J.* 100 (1976). According to defendant, our recent decision in *State v. Aceta*, 223 *N.J.Super.* 21 (App.Div.1988) unequivocally reiterated the *Deatore* principle that a prosecutor's comment on the "lateness" of a notice of alibi violated defendant's privilege against self-incrimination. Defendant claims this reasoning is equally applicable to the judge's comments here.

The State counters that the trial judge's instruction was specifically contemplated by the court rules; that this case is distinguishable from *Aceta* because it did not constitute a "direct" attack on defendant's right to remain silent by the prosecutor; that this was a "litigational" use of the notice of alibi countenanced in *State v. Irving*, 114 *N.J.* 427 (1989), and that even if the judge's charge was erroneous, the error was harmless.

■ We begin our analysis with *R.* 3:11 which governs the subject of notice of alibi, the purpose of which is to "avoid surprise at trial by the sudden introduction of a factual claim [that] cannot be investigated unless the trial is recessed to that end." *State v. Irving,* 114 *N.J.* at 433 (citing *State v. Garvin,* 44 *N.J.* 268, 272–273 (1965)). In furtherance of this purpose, *R.* 3:11–1 provides that a defendant who intends to rely on an alibi defense must provide the Prosecutor with a bill of particulars concerning a proposed alibi defense within ten days of the prosecutor's demand. Likewise, the prosecutor must provide a bill of particulars identifying those witnesses upon whom the State intends to rely to establish defendant's presence at the scene of the crime. As the parties' cases develop, amendments to these bills of particulars may be made. *State v. Irving,* 114 *N.J.* at 438. Such amendments, obviously beyond the ten day limit set forth in the rule, are specifically provided for in the rule which states that "the trial court may order the amendment or amplification of such particulars, or of the time of their service, as the interests of justice requires." The sanction for failure to comply with the rule is set forth in *R.* 3:11–2 which provides that:

> the court may refuse to allow [defendant] to present witnesses at trial as to defendant's absence from or presence at the scene of the alleged offense, or make such other order or grant such adjournment as the interest of justice requires.

Although barring of the alibi defense is a permitted sanction for failure to abide by the rule, considerations of fundamental fairness militate against the invocation of such a drastic remedy under most circumstances. *See Aceta,* 223 *N.J.Super.* at 34 (Stein, J.A.D., concurring) (citing *State v. Caffee,* 220 *N.J.Super.* 34, 37–38 (App.Div.1987)).

■ In invoking the provisions of the rule in a late alibi case, the first inquiry is whether the opposing party has a legitimate claim of surprise and prejudice. If there is no surprise or prejudice in fact, the alibi testimony should be allowed without further inquiry. On the contrary, if the adversary has been

surprised and has not had a fair opportunity to address the belated alibi, the judge should determine the circumstances under which the alibi testimony can be adduced.

■ Here, there is nothing in the record to support the conclusion that the judge ever looked into the State's claim of surprise and prejudice, or that if he had analyzed that issue, any such showing could have been made. Indeed, Brown had earlier been named as a fact witness and the State had already obtained his rap sheet when the defense attempted to add him to the alibi list. Moreover, defendant's timely notice of alibi placed him in Nancy's Lounge with Patterson at the time of the crime. Obviously, defendant and Patterson were not in the bar alone. If the State had investigated the timely alibi notice it must have been aware of the presence of the bartender, Brown. Thus, it is unlikely that any order was needed to avoid prejudice to the State in this case.

Moreover, even if the appropriate showing had been made by the State, the judge did not have carte blanche in determining an alternative to barring Brown's testimony. The "other order" language in *R.* 3:11–2, invoked by the State here, encompasses procedural alternatives to ameliorate the problem of the late alibi witness including a full scale adjournment, a brief continuance, and a revision in the ordinary order of witnesses, to name a few. Such alternatives give the surprised party an opportunity to investigate the new witness, discover the details of his or her story and develop a refutation where one is warranted. Nor does the rule contemplate a substantive comment by the judge to the jury on the lateness of a party's bill of particulars. A fair reading of the rule compels the conclusion that it was meant to encompass procedural mechanisms similar in nature to adjournment (which is specifically mentioned in the rule), no more and no less. Thus, in terms of the rule, the charge was not only unwarranted factually, but also unauthorized.

Moreover, we agree with defendant that the jury charge here was more like the interdicted prosecutor's comment in *Aceta* than the "litigational" use of the notice approved in *Irving*. In *Irving*, the Supreme Court held that because an alibi notice is not self-incriminating, its "contents" may be used as the basis for testing a defendant's credibility on cross-examination. Here, the contents of defendant's notice as to the witness Brown were never even mentioned during the trial or the charge. All that was addressed was the lateness of the notice. This was a flat comment on the failure of defendant to name Brown earlier and is entirely different from a case like *Irving* in which the information contained in the notice is the subject of the comment or examination. The reason there was no such comment here is that Brown's evidence was not different from that of Patterson whereas in *Irving* the late alibi notice contained substantively distinct information. This kind of comment by the judge was specifically identified in *Aceta* as falling within the scope of its prohibition. There we noted that "the violation [of defendant's privilege against self-incrimination] was compounded by the questioning of the trial judge ... as to defendant's failure to have disclosed his alibi defense during any of his pretrial court appearances." 223 *N.J.Super.* at 31, n. 4. In short, the trial judge's charge to the jury was an improper comment on defendant's exercise of his right to remain silent under *Aceta*, as a result of which a reversal is warranted.

An additional consideration also undergirds the need for a reversal. From the verdict we know that the jurors did not believe the victim who identified defendant as one of his assailants. They apparently concluded that defendant came into possession of the victim's car sometime after the robbery. Thus, the testimony of Patterson and Brown that defendant was merely jump-starting the car for another person when he was found in possession of it, was crucial. In our view, any comment which unfairly brought into question the credibility of that testimony had the capacity to produce an unjust result.

The jury instruction constituted such unfair comment for several reasons. One is that the judge failed to distinguish between Brown's alibi testimony (that defendant was in Nancy's at the time of the crime) and Brown's fact testimony (how defendant came into possession of the stolen car). This is important because lateness is not even a theoretical issue as to a fact witness, with respect to whom no time limits are ordinarily applicable. Thus, it is an entirely improper basis for evaluating the factual matters attested to by Brown. Moreover, as to the alibi portion of Brown's testimony, lateness *per se* had no credibility implications. Brown told the exact story that Patterson had told from the beginning. Thus, no *Irving* type comment on the content of those statements was possible. Beyond *Irving*, we reject the trial judge's suggestion, apparently approved in the concurring opinion of our colleague, that lateness in itself has some bearing on credibility. Finally, because of the identity between Brown's testimony and that of Patterson, any aspersion on Brown's story had the potential to spill over on Patterson's story. Because their testimony was the lynchpin of the defense, we cannot say that that error was harmless beyond a reasonable doubt. *State v. Macon*, 57 *N.J.* 325, 335–337 (1971).

We reverse and remand the case for trial. This ruling makes it unnecessary for us to address defendant's claim that the trial judge erred in instructing the jury as to the lesser included offense of receiving stolen property.

LANDAU, J.A.D., concurring.

It is no secret that the withholding of the existence of an alibi or of the identity of alibi witnesses until trial in violation of *R.* 3:11–1 is viewed as a no-lose gambit from the perspective of a battlewise defendant. Notwithstanding our holdings in *State v. Gonzalez*, 223 *N.J.Super.* 377 (App.Div.1988), certif. den., 111 *N.J.* 589 (1988), *State v. Francis*, 128 *N.J.Super.* 346 (App.Div. 1974) and *State v. Woodard*, 102 *N.J.Super.* 419 (App.Div. 1968), certif. den., 53 *N.J.* 64 (1968), *cert.* den., 395 *U.S.* 938, 89

*S.Ct.* 2004, 23 *L.Ed.*2d 453 (1969), the preclusion remedy provided by *R.* 3:11–2 is fraught with uncertain consequences. *See, e.g., State v. Caffee,* 220 *N.J.Super.* 34, 37 (App.Div.1987). As we observed in *Gonzalez,* the practical difficulties of a cold-trail investigation, as well as the urgency of trial calendar management in most jurisdictions, render the brief investigatory recess sometimes granted to the State a remedy of dubious equivalency to *R.* 3:11–1. We have done relatively little to discourage trial by ambush or to encourage the search for truth. My concern is that the majority opinion appears to preclude comment upon a *R.* 3:11–1 violation in all cases.

I concur in the result reached by the majority in this case only because of its singular facts. Brown's identity as a fact witness had already been disclosed. Thus, the late alibi notice could not have prejudiced the State's preparation, particularly as Brown tended bar at the small establishment where Patterson's version of the facts had placed Sutton and himself. This was not a case for either preclusion, *See State v. Harris,* 117 *N.J.Super.* 83 (App.Div.1971), certif. den., 63 *N.J.* 557 (1973), or for comment because the *Evid.R.* 4 dangers of the remedy far outweighed the magnitude of the defect.

I write to make clear my view that there is no general constitutional interdiction against informing a jury that a defendant failed to comply with *R.* 3:11–1 requirements, when that defendant has testimonially introduced his alibi witness or his alibi into the trial. Certainly this should not be the subject of comment when the alibi has not been introduced. *See State v. Gross,* 216 *N.J.Super.* 92, 96 (App.Div.1987), certif. den., 108 *N.J.* 194 (1987). Once a defendant has offered the alibi or alibi witness, however, I do not believe that his right to remain silent is constitutionally offended by permitting comment by the trial judge or prosecutor about the requirement of the Rule.

I suggest that such an approach is consistent with the holding in *State v. Irving,* 114 *N.J.* 427, 435–36 (1989), and that it should be encouraged by the courts where there has been

prejudice to the State's preparation, because it avoids the need to consider preclusion of testimony as a remedy, and thus will enable a jury to evaluate relevant evidence subject to receiving information affecting its credibility. *State v. Deatore*, 70 *N.J.* 100 (1976) does not compel an opposite conclusion in my view. As to *State v. Aceta*, 223 *N.J.Super.* 21 (App.Div.1988), I would associate myself with the view expressed in the concurring opinion of Judge Stein.